[No. 6292.]

HERBERT KRAFT, CHARLES CADWALADER, ADAM GRANT, AND L. A. SANDERSON *v.* JOSEPH DE FOREST, PETER DEAN, AND J. S. CONE, ASSIGNEES OF THE SIERRA FLUME AND LUMBER COMPANY, AN INSOLVENT CORPORATION, L. S. WELTON, R. H. CAMPBELL, AND THE SIERRA FLUME AND LUMBER COMPANY.

EQUITY—JURISDICTION OVER PROPERTY HELD IN TRUST·FOR A DEBT.—Where real estate, with the fixtures appertaining thereunto, together with certain personal property, were conveyed in trust as security for the payment of a debt, and the creditor was obliged to resort to a Court of Equity to secure the protection of the personal property and fixtures from detriment and destruction: *held*, that the Court should take jurisdiction of the whole subject-matter of the litigation, and also decree a sale of the real estate proper.—[REPORTER.]

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The action was brought by the plaintiffs, as trustees, to foreclose a deed of trust made to them by Campbell & Welton, proprietors of the property known as the Blue Ridge Flume and Lumber Company, consisting of nine thousand one hundred and sixty acres of timber lands, with three steam saw-mills, fully equipped for making lumber; forty-four miles of flume for transporting the lumber from the mills to the Sacramento River, together with certain water rights and rights of way connected therewith; forty-four miles of telegraph line, and certain personal property, consisting of forges, houses, shops, logging teams, horses, mules, trucks, chains, harness, etc., used in getting the logs to the mills. It appears from the complaint that Campbell & Welton, being indebted to a large number of persons in amounts aggregating one hundred and ninety-six thousand one hundred and thirty-nine dollars and eighty-two one-hundredths, made a deed February 1st, 1876, to the plaintiffs, as trustees for the creditors, conveying the said property, for the specific purpose, as stated in the deed, of securing the payment of the said indebtedness. The deed as set forth in the complaint gives the names of the creditors and the amount due to each, and provides for the payment of the aggregate amount in specific installments. It also provides that in case Campbell & Welton fail to pay the installments as they become due, the trustees shall, upon request of the creditors, advertise for sale such portion of the property as may, in their judgment, be necessary, and sell the same at public auction, and, upon payment of the price bid, make an absolute conveyance of grant, bargain, and sale to the purchaser.

On February 28th, 1876, subsequent to the making of the deed of trust, Campbell & Welton made a conveyance and delivered possession of the property to the defendant, the Sierra Flume and Lumber Company, for two hundred and seventy-five thousand dollars — that company assuming the indebtedness of Campbell & Welton, and guaranteeing its payment. The first three installments, amounting to over one hundred

thousand dollars, were paid by the Sierra Flume and Lumber Company; but it then became unable to pay its debts as they matured, and July 10th, 1878, made an assignment of all its property, including the property embraced in the deed of trust aforesaid, to the defendants DeForest, Dean, and Cone, in trust for its creditors; and the said defendants, as such trustees, took possession of the property. The complaint further alleges that the defendants had removed a boiler and engine, certain saws, logging trucks, and other property, of the value of twelve thousand dollars, and were using the property in connection with outside property of the Sierra Flume and Lumber Company, in such a manner that there was great danger of its being lost or materially injured. It is also alleged that unless all the property is gathered together and reduced to actual possession, it cannòt be sold for its full value, nor advantageously used before the sale. The complaint further avers that the defendants intend to dismantle the Blue Ridge Flume and Lumber Company's property; that the plaintiffs' rights can be adequately secured only by the appointment of a Receiver, and that the creditors have requested the plaintiffs to sue for a foreclosure of the lien created by the trust deed of February 1st, 1876. The amount due is alleged to be one hundred and thirty-one thousand eight hundred and forty dollars, and the actual value of the property, it is averred, does not exceed one hundred thousand dollars. The prayer is for the sale of the property and the appointment of a Receiver pending the litigation.

The defendants, other than Campbell & Welton, filed a general demurrer, which was sustained, and the plaintiffs declining to amend, judgment was rendered against them, from which they appealed.

*George Cadwalader*, for Appellants.

*E. B. & J. W. Mastick, C. A. Garter*, and *W. C. Belcher*, for Respondents.

By the COURT:

The bill alleges that when the real estate was conveyed in trust to plaintiffs, there were certain fixtures attached to the

soil, and that the deed also conveyed to them certain personal property. Also, that the assignees of defendant, the Sierra Flume and Lumber Company, have removed a portion of the fixtures and personal property, and threaten to further dismantle the property. It alleges that the lands, if sold, will not, in their present condition, bring the amount of the debt due from defendants Campbell & Welton, and prays for the appointment of a Receiver for the protection of the property pending the litigation, and that the personal property and fixtures, as well as the lands, be decreed to be sold for the payment of the indebtedness due to the plaintiffs.

It is apparent that the mere sale of the lands, stripped of the fixtures and without the personal property, would not afford the plaintiffs effectual relief, and inasmuch as they have been obliged to resort to a Court of Equity to secure the protection of the personal property and fixtures from detriment and destruction, and the application of their proceeds toward the payment of their debt, the Court, upon well established principles, will take jurisdiction of the whole subject-matter of litigation, and also decree a sale of the real estate proper.

This view of the question involved renders it unnecessary to decide whether, if the case were stripped of its special circumstances, the plaintiffs would be limited to a sale of the property in the manner provided for in the deed of trust, and be prohibited from seeking a judicial sale of the same.

Judgment reversed and cause remanded, with directions to the Court below to overrule the demurrer to plaintiffs' complaint. Remittitur forthwith.