[S. F. No. 1929.   Department Two.—December 31, 1901.]

H. C. BANTA, Appellant, v. JOHN H. WISE, and CHRISTY & WISE, Copartners, Respondents.

ACCOUNTING—CROSS-COMPLAINT—DEED TO INDIVIDUAL PARTNER TO SE-CURE DEBT TO FIRM—FUTURE ADVANCES—FORECLOSURE.—In a suit for an accounting, under an agreement with one of the defendants that plaintiff should keep for him a lot of sheep on shares, under which the parties concurred in assigning the wool to a copartnership firm, of which such defendant was a member, and by which all sales and advances were made, and with which all accounts were kept, and which was made a party defendant, a cross-complaint may be set up by the defendants, showing that the plaintiff and his wife made a deed to the individual defendant to secure the indebtedness of plaintiff to the firm of which he was a member, and future advances to be made by the firm, and the deed may be foreclosed as a mortgage for a balance found due from the plaintiff to the firm.

ID.—RULE OF EQUITY AS TO DEED TO SECURE MONEY—DEBT OF ANOTHER PARTY.—The rule of equity which interposes to prevent the fraudulent use of a deed intended as a mortgage applies equally to all cases of deeds made to secure money or advances, whether due or to become due, or payable to the grantee or to another party.

ID.—RULE AS TO DEEDS OF TRUST—CONSTRUCTION.—The rule of decision as to deeds of trust applies only to cases where by the terms of the deed the trustee is empowered to sell and apply the proceeds, and not to deeds where there is no power of sale expressed; and in cases where there is a doubt whether the instrument is a deed of trust or a mortgage, the doubt should be resolved in favor of the latter construction.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Barna McKinne, for Appellant.

D. H. Whittemore, for Respondents.

SMITH, C.—This is a suit for an accounting, the plaintiff alleging a balance in his favor of about four thousand dollars. This, with other allegations, is denied by the defendants, who claim, in their answer, a balance in their favor of $3,135.20. There is also a cross-complaint, which sets up a deed of the plaintiff and wife to the defendant Wise, of date March 22, 1894, purporting to convey to the grantee the land described, but claimed by the defendants to be a mortgage given to secure indebtedness to Christy & Wise, and contemplated advances. Judgment was rendered in favor of the defendants named for the sum of $1,350, and for the foreclosure of the mortgage, as prayed for. From which and from the order denying his motion for a new trial the plaintiff appeals.

The accounts between the parties (which extend over a period of nearly five years) have their origin in an agreement between the plaintiff and the defendant John Wise, of date April 10, 1891, by the terms of which there was delivered to the plaintiff by Wise sixteen hundred sheep, to be kept on shares by the former for the period of five years, or such less period as the latter might determine, the plaintiff to receive from the grade sheep one half (subsequently changed to two thirds) of the wool and increase, and from the thoroughbreds, one third, etc. This contract was terminated in August, 1895, the plaintiff turning over to Wise's agent 3,185 sheep, and the latter agreeing to pay him thereafter fifty-five dollars per month, for the services of himself and son in herding them, which arrangement continued until December, 1895, when it was discontinued. From the beginning of the transaction the wool was, with the concurrence of the parties, consigned to Christy & Wise, by whom all sales and advances were made, and with whom all accounts were kept. An account was rendered by them, February 29, 1896, which was introduced in evidence by the plaintiff, and to which, on the trial, all objections were waived by him, except as to certain items charged against the plaintiff and certain omitted credits claimed by him. These, by stipulation, were left to the determination of the court. The court found that, on a just and true accounting, there was due to the defendants the sum of $1,350; and

also that the deed of the plaintiff and wife was a mortgage, as alleged in the cross-complaint.

With regard to the latter finding, it is specified that "the evidence shows that the deed . . . was not intended as a mortgage to secure any indebtedness from plaintiff to Christy & Wise." But, assuming the sufficiency of the specification, the defendant Wise explicitly testified to that effect, and his evidence was not contradicted by the plaintiff's testimony or otherwise. The indebtedness was also clearly shown by the evidence. Nor is the objection tenable that the deed, because made to one as security for the debt of another, or for future advances, could not be regarded as a mortgage. In the ordinary case of a deed given to secure a debt to the grantee, equity interposes, on the ground of the necessity to prevent the fraudulent use of instruments contrary to the intent and agreement of the parties, it being said that "fraud in their use is as much a ground for the interposition of equity as fraud in their creation" (*Pierce* v. *Robinson,* 13 Cal. 127); and the principle applies equally to all cases of deeds made to secure money, whether due or to become due, or whether due to the grantee or to another. As to the case of advances, the law is settled in this state. (*Campbell* v. *Freeman,* 99 Cal. 548, 549; *Husheon* v. *Husheon,* 71 Cal. 412; Civ. Code, sec. 2924.) Nor do the grounds of decision in these cases less apply to the case of deeds made to one as security for the debt of another. Such a transaction comes equally within the definition given in the code, which is, that a "mortgage is a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession" (Civ. Code, sec. 2920), and also within the provision that "every transfer of an interest in property, other than in trust, made only as a security for another act, is to be deemed a mortgage," etc. (Civ. Code, sec. 2924.) The exception made in the section last cited refers only to the express trusts provided for by other provisions of the code (secs. 852, 857), which though in some cases difficult in principle to be distinguished, are held not to be mortgages. (*Grant* v. *Burr,* 54 Cal. 298; *Koch* v. *Briggs,* 14 Cal. 256,[1] and cases cited; 1 Notes on Cal. Rep. 649, and 3 Notes on Cal. Rep. 808.) But these decisions apply

[1] 73 Am. Dec. 351.

only to cases where, by the terms of the deed, the trustee is authorized to sell and to apply the proceeds in payment of the debt, and not to deeds where there is no power of sale expressed. (*Merrill* v. *Hurley,* 6 S. Dak. 592;[1] *Powell* v. *Patison,* 100 Cal. 235; *Savings and Loan Soc.* v. *Burnett,* 106 Cal. 528.) So, even where there is a power of sale, it has been held that if the trustee be one of the creditors secured, the transaction will be held to be a mortgage. (*Cormerais* v. *Genella,* 22 Cal. 116; *Felton* v. *Le Breton,* 92 Cal. 462, 465, 468.) And, generally, as is said in the former case, foreclosure by suit is preferable; and hence where there is a doubt whether the instrument is a deed of trust or a mortgage, the doubt should be resolved in favor of the latter construction. (*Godfrey* v. *Monroe,* 101 Cal. 227.)

With regard to the finding as to the balance due the defendants Christy & Wise, there is no specification of the insufficiency of the evidence. The other findings objected to are not in conflict with this; nor were they different, would this finding be affected. Nor is there anything in the evidence to show that this or any of the findings are wrong. The account rendered by the defendant on February 29, 1896, was admitted by the plaintiff to be correct, except as to certain items specified, amounting in the aggregate, exclusive of the interest charged, to a little over two thousand dollars. The aggregate of interest charged subsequent to March, 1893, (at which time the plaintiff admits the account was stated,) is $832.42. Some of this was probably an overcharge,—as, for example, the rates given in some of the items,—but the amount of the overcharge does not appear. As to the other items, no evidence was introduced by the plaintiff to support his objections; but the court nevertheless allowed the plaintiff a credit of two thousand dollars, and the balance of the account was reduced by that amount. There is nothing in the record that would justify us in holding that this was not sufficient.

We advise that the judgment and order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                   McFarland, J., Henshaw, J., Temple, J.

---

[2] 55 Am. St. Rep. 859.