[L. A. No. 1276.   Department One.—August 1, 1905.]

ANGLO-CALIFORNIAN BANK, LIMITED, Respondent,
    v. MOSES CERF, ERNEST CERF, and L. M. KAISER,
    Defendants; MOSES CERF, Appellant.

FORECLOSURE OF MORTGAGES — DEEDS TO SECURE INDEBTEDNESS AND
    FUTURE ADVANCES—PAROL EVIDENCE.—In an action to foreclose
    mortgages consisting of absolute deeds parol evidence is admissible
    to show that the deeds were given to secure all future as well as
    existing indebtedness.

ID.—CONFLICTING EVIDENCE—CONCLUSIVENESS . OF FINDING.—The evi-
    dence upon the question being conflicting, the finding of the trial
    court that the deeds were given to secure all future indebtedness,
    as well as existing indebtedness, is conclusive upon appeal from
    an order denying a new trial.

ID. — CONSTRUCTION OF CODE — MORTGAGE IN WRITING — DOCTRINE OF
    EQUITY AS TO ABSOLUTE DEEDS.—Section 2922 of the Civil Code,
    providing that "A mortgage can be created, renewed, or extended
    only by writing, executed with the formalities required in the
    case of a grant of real property," cannot be construed as opposing
    the well-established doctrine that a deed absolute on its face
    may in equity be shown by parol evidence to have been intended
    as security for a debt, and hence only a mortgage lien.

ID.—CONSIDERATION OF DEED IMMATERIAL—LIMIT OF FUTURE INDEBTED-
    NESS NOT ESSENTIAL.—Whatever consideration may be expressed
    in the purported conveyance, it will be effectual to secure both
    any existing indebtedness and any future indebtedness, however
    evidenced, shown by parol evidence to have been intended and
    agreed to be secured thereby; and it is not essential that the limit
    in the amount of such future indebtedness should be specified in
    the agreement.

ID.—DEEDS TO MANAGER TO SECURE BANK—TITLE NOT CONFERRED—
    TRUST PROVISIONS OF CODE INAPPLICABLE.—The general equitable
    principles applicable to deeds intended as mortgages apply to all
    cases of deeds to secure money due or to become due, whether
    due to the grantee or another.  Where the deeds were made to the
    manager of a bank to secure the indebtedness of one of the grantors
    to the bank and future advances by it, they conferred no title,
    and created only a mortgage lien.  The provisions of the Civil
    Code relative to trusts in real property apply only to express
    trusts, and do not affect the case.

ID.—FORECLOSURE BY BANK — REAL PARTY IN INTEREST — MANAGER
    AS PARTY.—The action to foreclose the mortgages, consisting of
    the deeds to the manager of the bank to secure indebtedness
    thereto, was properly brought by the bank as the real party in
    interest.  Without deciding whether the manager could have fore-

closed as the trustee of an express trust under section 369 of the Code of Civil Procedure, if he could do so, such action would be only permissive, and not exclusive of the right of the bank as the real party in interest. Where the manager was made a defendant and consented to the foreclosure by the bank, there can be no question as to its propriety.

ID.—PLEDGE SECURING FUTURE ADVANCE—RESIDUE AFTER SALE SECURED BY DEEDS.—Where warehouse receipts for barrels of cement were given as special security for a note evidencing a future advance, without excluding the transaction wholly from the agreement for security under the deeds, the residue of the note after sale of the pledged property must be deemed a future general advance secured by the deeds under the parol agreement.

ID.—SALES OF PLEDGED PROPERTY—BAD CONDITION OF RESIDUE—SALE WITHOUT NOTICE TO BEST ADVANTAGE—EVIDENCE AS TO VALUE— CROSS-EXAMINATION.—Where sales of most of the pledged cement were made by the pledgeor with consent of the pledgee at a fixed price per barrel, to be credited on the note, and the residue, being in a bad condition, was sold by the pledgee to the best possible advantage without notice, and the proceeds credited, and the pledgeor, without trying to show that the residue sold had at the time of sale any greater market value, merely asked the manager of the bank on cross-examination generally as to the value of the cement, it was not error to exclude such evidence.

ID.—RULINGS AS TO EVIDENCE WITHOUT PREJUDICE.—Rulings sustaining objections on cross-examination, the subject-matter of which, so far as proper, was fully covered by other questions and answers upon further cross-examination of the same witness, were not prejudicial.

ID.—ALLOWANCE FOR TAXES—ABSENCE OF SPECIFICATIONS—RECORD NOT SHOWING IMPROPRIETY—STIPULATED CREDIT.—The question as to whether the amount found due by the court includes any improper charge for taxes, or does not make full allowance for taxes paid by appellant, cannot be considered where there is no specification of insufficiency of the evidence covering that question and where the record does not show that full allowance was not made for taxes or that a stipulated credit for taxes paid by appellant did not adjust the matter of taxes correctly.

APPEAL from an order of the Superior Court of San Luis Obispo County denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellant.

There cannot be an oral mortgage. (Civ. Code, sec. 2922; *Kelley* v. *Thuey,* 102 Mo. 529, 530, 15 S. W. 62; *Arnold* v.

CXLVII. Cal.—25

*Arnold,* 137 Cal. 291, 70 Pac. 23.)   Where there is an implied trust the trustee alone is the real party in interest.   It is only where the trust is expressed that either the beneficiary or the trustee can sue as the real party in interest.   (Civ. Code, sec. 1559; *Buckley* v. *Gray,* 110 Cal. 339, 52 Am. Rep. 88, 42 Pac. 900; *Savings Bank* v. *Thornton,* 112 Cal. 255, 44 Pac. 456; *Chung Kee* v. *Davidson,* 73 Cal. 522, 15 Pac. 100; *Lisenby* v. *Newton,* 120 Cal. 571, 65 Am. St. Rep. 203, 52 Pac. 813; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 518; *Davis* v. *Erickson,* 3 Wash. 654, 29 Pac. 86; *Kelley* v. *Thuey,* 102 Mo. 522, 15 S. W. 62; *Reed* v. *Harris,* 7 Robertson, 151.) Upon the question of future advances, the burden is on the plaintiff, and it must clearly prove beyond all doubt what was intended.   All doubts and uncertainties must operate against it.   (*Kline* v. *McGuckin,* 25 N. J. Eq. 433; *Moore* v. *Fuller,* 6 Or. 272, 25 Am. Rep. 524.)

Jesse W. Lilienthal, and W. H. Spencer, for Respondent.

The admissibility of parol evidence is unquestionable. (*Ahern* v. *McCarthy,* 107 Cal. 384, 40 Pac. 482.)   An agreement for future advances need not be expressed in writing. (*Tully* v. *Harloe,* 35 Cal. 302, 95 Am. Dec. 102; *Tapia* v. *Demartini,* 77 Cal. 386, 11 Am. St. Rep. 288, 19 Pac. 641; *Banta* v. *Wise,* 135 Cal. 277, 67 Pac. 129.)   The deeds to an agent to secure indebtedness to the principal were mortgages.   (*Banta* v. *Wise,* 135 Cal. 277, 67 Pac. 129.) The bank, and not its manager, was the real party in interest entitled to sue.   (*McGhee* v. *Importers etc. Bank,* 93 Ala. 192, 9 South. 634; *Michigan State Bank* v. *Trowbridge,* 92 Mich. 217, 52 N. W. 632; *Winkleman* v. *Kiser,* 27 Ill. 21; *Town* v. *Alexander,* 85 Ill. App. 512; *Surine* v. *Winterbotham,* 96 Ill. App. 123; *Dorn* v. *Colt,* 180 Ill. 397, 54 N. E. 167; *Martin* v. *McReynolds,* 6 Mich. 70.)

ANGELLOTTI, J.—This is an action to foreclose as mortgages two certain deeds of conveyance, absolute in form, executed by defendants Moses Cerf, Ernest Cerf, and L. M. Kaiser to defendant Ignatz Steinhart.   According to the allegations of the complaint, said deeds, while absolute in form, were in fact executed as mortgages for the sole purpose of securing to plaintiff the payment of an indebtedness of

$34,300, evidenced by certain promissory notes then existing in favor of plaintiff and against the firm of Blochman & Cerf, and of securing the payment of all further advances that might be made by plaintiff to said firm and all sums that might thereafter become due from said firm to plaintiff. Said firm of Blochman & Cerf was at the date of said deed, and ever since has been, composed solely of defendant Moses Cerf. It was further alleged that, relying upon such security, plaintiff renewed certain notes from time to time, and made further advances to said firm, until on December 27, 1894, the amount of $27,117.13 was due from the firm to plaintiff, and that on said day a note therefor for $27,000, payable one day after date, and bearing interest at the rate of eight per cent per annum, was executed by said firm and defendant Moses Cerf to plaintiff, none of which has been paid. This action was instituted October 14, 1895, to obtain a foreclosure of said mortgages to satisfy said claim of $27,117.13, with interest.

Defendant Moses Cerf, by his answer, admitted the execution of the deeds to secure to plaintiff the indebtedness of $34,300 existing at the time of their execution, but denied that they were given as security for any continuing credit or any future advances or indebtedness. He averred that the $34,300 indebtedness had been fully paid, denied the making of further advances, and denied that the indebtedness at the time of the giving of the last note exceeded $20,863.17.

The trial court found generally in accordance with the allegations of the complaint, finding the indebtedness of said firm to plaintiff to amount with interest at the date of judgment to $28,640.17, and adjudged a sale of the mortgaged premises to satisfy the same.

Defendant Moses Cerf appeals from an order denying his motion for a new trial.

1. The evidence upon the question being conflicting, the finding of the trial court to the effect that the deeds were given to secure all future as well as existing indebtedness is conclusive upon this appeal. We know of no reason why it could not be shown by parol evidence that such deeds were given to secure future as well as existing indebtedness. Appellant's contention in this regard appears to be that as our statute provides that "A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the

case of a grant of real property'' (Civ. Code, sec. 2922), the particular indebtedness intended to be secured must be specified in the conveyance, or at least in some contemporaneous writing.

The section cited cannot be construed as impairing the well-established doctrine that a deed absolute on its face may in equity be shown by parol evidence to have been intended as security for a debt, and hence only a mortgage. This doctrine necessarily contemplates a showing entirely at variance with the terms of the conveyance. It is solely because the absolute conveyance does not correctly show the intent and agreement of the parties that equity interposes and allows the real transaction to be shown, thus converting the apparent absolute title of the grantee in the property described in the conveyance to a mere mortgage lien thereon. The showing that the instrument was in fact intended only as security for the payment of an indebtedness involves a showing as to what indebtedness was intended to be secured thereby. The real transaction between the parties as to the indebtedness to be secured may be fully shown by parol evidence, and any agreement of the parties relative thereto that would be enforced if evidenced by mortgage executed in the ordinary form will be enforced under the deed. There can be no doubt under the decisions of this court that, whatever the consideration expressed in the purported conveyance, such a conveyance will be effectual to secure both any existing indebtedness and any future indebtedness, however evidenced, shown by parol evidence to have been intended and agreed to be secured thereby, and that it is not essential that the limit in amount of such future indebtedness should have been specified in the agreement of the parties. (See *Banta* v. *Wise,* 135 Cal. 277, [67 Pac. 129] ; *Campbell* v. *Freeman,* 99 Cal. 546, [34 Pac. 113] ; *Husheon* v. *Husheon,* 71 Cal. 407, [12 Pac. 410].)

2. The fact that the defendant Steinhart, a manager of plaintiff corporation, was named as grantee in the deeds instead of the plaintiff itself, in no degree impairs their validity as mortgages in favor of plaintiff. If authority is needed upon this proposition it is to be found in *Banta* v. *Wise,* 135 Cal. 277, [67 Pac. 129], where the question was squarely presented in the case of a deed absolute on its face purporting to grant certain realty to one who was a member of a partner-

ship. The deed was enforced as a mortgage in favor of the firm, it being shown that it was given as security for an indebtedness due the firm and to secure contemplated advancements by the firm. It was pointed out in the opinion that the general equitable principle applicable in this class of cases applies equally to all cases of deeds made to secure money, whether due or to become due, *"or whether due to the grantee or another."* It was said therein, speaking of a deed made to one as security for the debt of another: "Such a transaction comes equally within the definition given in the code, which is, that a 'mortgage is a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession' (Civ. Code, sec. 2920), and also within the provision that 'Every transfer of an interest in property, other than in trust, made only as a security for another act, is to be deemed a mortgage,' etc. (Civ. Code, sec. 2924.) The exception made in the section last cited refers only to the express trusts provided for by other provisions of the code (secs. 852, 857) which, though in some cases difficult in principle to be distinguished, are held not to be mortgages. . . . But these decisions apply only to cases where, by the terms of the deed, the trustee is authorized to sell and to apply the proceeds in payment of the debt, and not to deeds where there is no power of sale expressed."

We are unable to see how the provisions of our Civil Code relative to trusts in relation to real property, and the purposes for which they may be created, affect the question under discussion.

Admittedly, the deeds were given solely by way of security, and were in fact only mortgages. Being such, they carried no estate in the land, but were mere securities, creating only a lien on the land, which was an incident of the secured debt. (*Savings and Loan Society* v. *McKoon,* 120 Cal. 177, 52 Pac. 305.) If the giving of a mortgage on realty to one person as security for a debt due another creates a trust, it is not a trust in relation to real property within the meaning of the provisions of our code relating to trusts.

3. The action was properly brought in the name of the plaintiff, which was admittedly the only real party in interest. (Code Civ. Proc., sec. 367.) The indebtedness secured by the

mortgage was at all times the property of the plaintiff alone, and stood in plaintiff's name, and the mortgage lien was a mere incident of such indebtedness, which would pass by a simple assignment of the debt. It is unnecessary to determine here whether Steinhart, as the trustee of an express trust within the meaning of section 369 of the Code of Civil Procedure, could have maintained an action to foreclose these mortgages. That section is permissive only, and did not exclude an action in the name of the real party in interest. As already stated, Steinhart was made a party defendant, and the record shows that he consented that judgment be entered in favor of plaintiff as prayed for in its complaint.

4. Among the charges against the firm was a balance due upon an item of five thousand dollars, for money loaned January 13, 1891, evidenced by promissory note of that date, bearing interest at the rate of eight per cent per annum. It appeared that at the time of the making of this loan warehouse receipts for about two thousand barrels of cement were delivered by the firm to plaintiff as security for the payment of such indebtedness. Portions of this cement were sold from time to time by Mr. Cerf, he paying the plaintiff two dollars and fifty cents per barrel for the release of all so sold, and the proceeds were credited on the note. At the time of the giving of the last note, December 27, 1894, a balance still remained due on said note, and five hundred and ninety-five barrels of the cement remained in the warehouse undisposed of, and so continued to remain until after the commencement of this action. The balance due upon the so-called cement note was included in the note of December 27, 1894, sought here to be enforced under the mortgages. Subsequent to the commencement of this action, Cerf not having sold it, although requested so to do, and the testimony indicating that it had gotten moist and was in bad condition, plaintiff sold the remainder of the cement for $726.12, and the firm has been credited therewith. The balance due is included in the general amount found due by the trial court. It is claimed that this five-thousand-dollar loan was a separate, independent transaction, and that no part of this particular indebtedness was secured by the mortgages.

We think that there can be no question that any balance remaining due from the firm after exhausting the special

security afforded by the cement was a part of the general indebtedness secured by the mortgages. The mortgages were, by reason of the terms of the agreement of the parties, security for any and all indebtedness that might thereafter become due, and any such balance remaining due upon the so-called cement note was certainly such an indebtedness. Of course, the parties might have specially contracted that this loan should be altogether excluded from the arrangement already made, but the mere giving of additional special security, which is all the evidence here shows, does not indicate any such agreement.

Various rulings of the trial court in relation to evidence bearing upon the cement transaction are complained of, but we find no prejudicial error in regard thereto. Although objections to certain questions relative to this matter, asked plaintiff's manager, Steinhart, on cross-examination, were sustained, the subject-matter thereof, so far as proper, was fully covered by other questions and answers on such cross-examination.

It does not appear that appellant was not allowed to fully cross-examine Steinhart, or to fully testify himself as to the circumstances under which the five-thousand-dollar loan was made, and what the agreement of the parties was in relation to the security therefor.

Some reliance is based upon the fact that plaintiff, after the commencement of this action, disposed of the cement remaining on hand at private sale and without public notice, but we do not see how that fact can avail appellant. There was no pretense that the amount actually realized therefor was not applied to the credit of the firm, and no evidence was given showing that the amount realized was not the then full market value of that cement. The testimony of Steinhart was to the effect that in view of its then condition it was disposed of to the best possible advantage. Under the issues made by the pleadings, it may be that the firm was entitled, under the circumstances, to be credited with the full market value of the property at the time of the sale thereof, and if a question had been asked as to such value *at such time,* the sustaining of an objection thereto would have raised a serious question. No such question was, however, asked, and it cannot be held that the court committed even technical error in sustaining the

objection on the ground of immateriality to either of the two questions asked Cerf as to the value of the cement.

5. Appellant was allowed to fully cross-examine Steinhart as to the negotiations leading up to the execution of the deeds, the circumstances surrounding such execution, all that was said and done between the parties in regard thereto, and the indebtedness to be secured thereby, and the nature and evidences of the indebtedness existing at that time. So far as these matters are concerned, the claim that he was improperly restricted in cross-examination finds no support in the record. The questions to which objections were sustained were objectionable for the reasons stated in the objections, and the rulings of the court in regard thereto were correct.

6. It is contended that the court erred in not allowing appellant to show that he had not been credited with taxes paid by him upon the mortgaged property, and had been improperly charged with taxes paid by plaintiff upon such property. The only evidence sought to be elicited by appellant upon that point to which any objection was sustained was on the cross-examination of Steinhart. The first question asked him thereon was: "Did you ever upon the account, upon any account of the bank with Blochman & Cerf, give Blochman & Cerf credit for any payment of taxes?" An objection to this was sustained, one of the grounds thereof being that it had not then been shown that they had ever paid any taxes. The witness was then asked whether plaintiff had at any time made any payment of taxes upon any interest in the land, and an objection to the question was sustained. Thereupon, the witness substantially answered both questions, and apparently testified as fully upon the question as was desired by appellant. Under these circumstances, it cannot be held that the action of the court in sustaining the objections was prejudicial.

The question as to whether the amount found due by the court includes any improper charge on account of taxes, or does not make full allowance for taxes paid by appellant, cannot be considered on this appeal, for there is no specification of insufficiency of evidence to support the finding as to the amount due that can be held to include this question. If, however, we could consider the question, the record is such that

we could not say that full allowance had not been made for taxes. There was no attempt made to show how much had been paid by appellant in the way of taxes, and it cannot be determined from the record that the credit of $6,052.03 given on account of taxes upon the trial in pursuance of an admission shown by the record was not more than sufficient to adjust the matter of taxes correctly. We have assumed in this discussion that the plaintiff was liable for the taxes upon the property.

The order denying a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.