[Civ. No. 3358.   Third Appellate District.—March 17, 1928.]

GEORGE A. CARTER, Respondent, v. RODNEY L. TURNER, Appellant.

Frederick W. Welsh and H. B. Turnbull for Appellant.

Harry W. Horton for Respondent.

PULLEN, J., *pro tem.*—On March 12, 1917, appellant herein, Rodney L. Turner, was the owner of a tract of land in Tulare County, and on that date mortgaged it to one W. J. Walters, trustee, to secure the repayment of $18,000, with interest, maturing in three years.

Thereafter W. J. Walters, trustee, assigned this note and the mortgage securing the same to Security Savings Bank of Riverside, and subsequently the Security Savings Bank assigned to Elizabeth A. Frost; shortly before the filing of the original complaint in this action Elizabeth A. Frost assigned the note and mortgage to George A. Carter, the plaintiff and respondent herein.

On March 11, 1919, appellant conveyed the Tulare County land above referred to, to J. B. Pilcher, taking in ostensible payment therefor Pilcher's note for $12,000 secured by a deed of trust upon the property, which was subsequent to the mortgage above referred to. This note and deed of trust was executed to Citizens Trust & Savings Bank as trustee for Turner. On March 14, 1919, Pilcher conveyed the property to W. J. Buell, subject to the mortgage for $18,000 and the deed of trust for $12,000.

Before the commencement of this action Carter, the respondent, and Turner, appellant herein, consummated a deal whereby Carter, for a valuable consideration, became the owner and holder of the $12,000 deed of trust which was assigned to him by Turner "without recourse," and subsequently, to protect his junior lien, acquired from Elizabeth A. Frost the first mortgage for $18,000.

Carter having become the owner and holder of the $18,000 note and mortgage, brought an action to foreclose the same. Turner answered, and as one of his defenses, alleged the existence of the junior and subsequent deed of trust for $12,000, and asked that the trustee and the owner and holder of said note and deed of trust be made parties to the action. Thereupon Carter filed an amended complaint setting up as a first cause of action the foreclosure of the mortgage, and in a second and third cause of action, set up the transaction of the deed of trust, and also allegations of fraudulent representations made by Turner on the sale of the note, and alleged the damages of such false representations to be the amount due on the trust deed. To this amended complaint defendant demurred on the ground that causes of action were improperly united, which demurrer was overruled, and Turner thereupon answered. The findings of fact followed the allegations of the amended complaint, including findings of fraudulent representations on the sale of the note by

Turner to Carter. The conclusions of law were that plaintiff was entitled to a foreclosure of the mortgage and a deficiency thereon against Turner, but that respondent Carter was entitled to no relief against Turner on the second and third causes of action. Respondent moved to amend the conclusions of law and enter another judgment in favor of plaintiff on the facts found, which motion was granted and a new judgment entered directing the sale of the mortgaged property and granting respondent judgment against appellant for the deficiency on both the mortgage and deed of trust. Appellant has brought three appeals, which are consolidated for the purposes of this hearing. First, an appeal from part of the first judgment directing the foreclosure of the mortgage; second, an appeal from an order of the trial court made under section 663 of the Code of Civil Procedure which granted to respondent relief denied by the first judgment, and, third, an appeal from the amended judgment entered by the trial court.

Appellant devotes considerable time to a discussion of his relation to the note and mortgage on the Tulare property. He contends he was a surety after the assignment of the note, and was released by an extension of time of payment; but inasmuch as the mortgage has been foreclosed and the property sold for sufficient to cover the amount due under the note and the terms of the mortgage, this has now become a moot question and need not be here considered, for whatever liability may have attached to appellant would only arise in case of a deficiency judgment.

A further point urged by appellant is that any cause of action set up in the second and third causes of action are barred by the statute of limitations. On this point the court found: "That it is not true that the second cause of action set forth in plaintiff's complaint against the defendant is barred by the provisions of section 335 or section 338, subdivision IV, of the Code of Civil Procedure of the State of California, or any sections of the Code of Civil Procedure of the State of California, and the court finds that the plaintiff did not learn of the false and fraudulent representations of the defendant Rodney L. Turner or of any of the true facts concerning the said J. B. Pilcher and said note and trust deed and the representations and failure, neglect

and refusal of the defendant Rodney L. Turner to disclose the true facts concerning the same until less than three years before the commencement of the action herein, and until less than three years from the time of the filing of the amended and supplemental complaint herein." An identical finding was made as to the third cause of action. An examination of the transcript shows ample testimony to support this finding, and it will not, therefore, be disturbed.

Appellant also contends that the finding of false representations is not supported by the evidence, and an examination of the transcript of the testimony reveals that considerable time was devoted to the development of this feature of the case when the various witnesses were under examination. It is true that appellant attempted to destroy the effect of that testimony by a searching cross-examination, and also by direct proof, but it had only the effect of raising a conflict in the testimony, and the trial court having heard this testimony and seen the witnesses, this court is bound, therefore, to accept the findings upon the issue of fraud.

Appellant also complains as to the finding of value of the lands and the insolvency of Pilcher, but those, also, are findings based upon a conflict in the evidence, and must be adopted as true by the reviewing court.

As to the finding on the defense of the release of surety, that is not now material, as the question of suretyship cannot now arise, in view of the fact that there was no deficiency on the sale of the mortgage, and that has now, as pointed out before, become a moot question.

Appellant claims that there is a misjoinder of causes of action in that respondent has united a cause of action for foreclosure of mortgage and a cause of action for damages for false representations. This situation is unique, but arose by reason of a demand of appellant that the holder of the note and deed of trust be made a party to the action to foreclose the prior lien, and his demand having been complied with, he should not now be heard to complain.

Furthermore, although plaintiff in his second cause of action asked that the deed of trust be foreclosed, he was not entitled thereto either by reason of the law or the facts, but he was entitled, in view of the relationship of the parties concerned, to have the entire transaction inquired into

and to have any surplus on the sale of the property under the mortgage foreclosed applied to the credit of the note secured by the deed of trust. Appellant has not been injured by the joining of the different causes of action. The nature of the cause of action against appellant on the trust deed and his action for foreclosure of the mortgage are so related that it is necessary that both matters be considered together to a complete determination of what the responsibility of the defendant Turner was on the two notes, and whether he had a personal responsibility on either or both. Numerous decisions of our courts have held that if a court of equity has jurisdiction of one phase of a case, and it is necessary to a complete determination of the rights of the parties, the court will not require piecemeal litigation but will determine the whole case. (*Curtain* v. *Krohn*, 4 Cal. App. 131, 134 [87 Pac. 243]; *Kraft* v. *DeForest*, 53 Cal. 656; *Sacramento Bank* v. *Alcorn*, 121 Cal. 383; *Banta* v. *Wise*, 135 Cal. 277 [67 Pac. 129].) It is also the rule that cases arising in contract and also in tort may be properly united (*Boulden* v. *Thompson*, 21 Cal. App. 279 [131 Pac. 765]), and, also, causes at law and in equity may be joined if otherwise proper. (*Moore* v. *Mossini*, 32 Cal. 590.)

██ The $12,000 note was transferred by appellant to respondent by indorsement "without recourse." The appellant insists that the attempt to hold him personally liable for the deficiency and the receipt of testimony concerning the $12,000 note was an attempt to vary the terms of a written instrument. If, however, that was part of the scheme to defraud, that point is not well taken, and its testimony upon that phase of the case is evidenced by its following finding: "That the defendant Rodney L. Turner did, as a part of a scheme to cheat and defraud the plaintiff and as a part of said negotiations for the sale to the plaintiff of said note and trust deed, make said representations as to the responsibility of said J. B. Pilcher and as to the said transaction as to the said J. B. Pilcher for the purpose of misleading the plaintiff, and the said Rodney L. Turner did fail to disclose, as aforesaid, the true facts concerning said transaction and the financial responsibility of the said J. B. Pilcher all for the purpose of misleading the plaintiff and inducing plaintiff to purchase said trust deed note with the qualified

endorsement thereon, to-wit, 'without recourse,' as to the defendant Rodney L. Turner as assignor, and endorser and that the plaintiff did so purchase said note with said endorsement 'without recourse' thereon solely and wholly because of the affirmative representations of the said Rodney L. Turner with respect to the financial standing and ability and the financial worth of the said J. B. Pilcher and because of the failure of the said Rodney L. Turner to disclose and make known to the plaintiff the true facts above found respecting said note and trust deed and the true facts concerning the said J. B. Pilcher rendering said note valueless so far as the said maker J. B. Pilcher is concerned, and that relying upon such representations the plaintiff did and would not have otherwise purchased from the defendant Rodney L. Turner said note and trust deed with such endorsement.''

In view of these findings, which are supported by the testimony, it was not error to admit this evidence, for the rule against varying the terms of a written instrument by parol is not applicable in the face of established fraud and misrepresentation.

As to the measure of damages, the court found as follows: ''That the plaintiff has suffered damages by virtue of the facts hereinbefore found as to the defendants, Rodney L. Turner and J. B. Pilcher, to the amount of the unpaid portion of the said trust deed note and obligations evidenced thereby, less such value as may exist in said real property covered by said mortgage and trust deed as may remain after the sale and application of the proceeds from such sale in satisfaction of said first mortgage.'' This measure of damages appears to have been erroneous. When a party has been damaged by false representations on an exchange of property he has the right to rescind or affirm and recover his damages. Plaintiff did not rescind; he affirmed. The rule for fixing his damages in that instance has been established in the case of *Wood* v. *Niemeyer*, 185 Cal. 532 [197 Pac. 798], the court there saying: ''Upon these findings and the settled rule of law in this state applicable to actions 'for deceit in the sale or exchange of real property,' the plaintiff, as the party found to have been defrauded, was entitled to recover the difference between the actual value of

the property which he received and the value which it would have had if the defendant's representations as to the value thereof, had been true'' (citing authorities).

In *Garstang* v. *Skinner,* 165 Cal. 726 [134 Pac. 331], the court there said, in regard to the measure of damages: ''The measure of damages applicable in this action, in the absence of any claim of special damages, is the excess of the value of the mortgages over the value of the bonds exchanged therefor, assuming that such exchange actually took place, such value being taken as of the time of the exchange. (4 Sutherland on Damages, sec. 1171, p. 3402; 1 Bigelow on Fraud, p. 627.) This rule applies, at least, in all cases where there are no supervening circumstances which render the values at some other time material to the injury arising from the fraud. No such circumstances and no facts showing special damages appear either in the pleadings or findings. The finding that in March, 1909, the property was of no value and the bonds worthless does not establish the fact that they were not worth more than the mortgages when they were exchanged therefor on November 6, 1906, more than two years before. The injury from such exchange, if any there was, was complete when it occurred. Subsequent deterioration in the value of the property would reduce the value of the bonds, but this reduction would be attributable to the causes which impaired the value of the property and not to the fact that the mortgages had been exchanged for the bonds. The fact that the plaintiff's bonds were not an exclusive first lien would imply that the bonds were of less value than the mortgages, but no facts are alleged from which it is possible to ascertain the difference in such values, or to indicate that it was substantial.''

Bigelow on Fraud, page 627, upon the same subject, lays down the rule as follows: ''It is now well settled that in actions for deceit or breach of warranty in sales, of personalty, or realty, the measure of damages is the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented or warranted to be.'' The time for the comparison of values to ascertain the defrauded party's damage is the time the deal was made.

In view of the mistake of the trial court in the measure of damages set up, it is ordered that this cause be referred back to the trial court with directions to take such testimony as may be necessary to establish the relative values of the properties at the time of the transfer, and report the same back to this court. In other particulars the judgment is affirmed.

Hart, J., concurred.