## STATE FINANCE CO. v. LAUGHARN.
### No. 9430.

Circuit Court of Appeals, Ninth Circuit.

June 28, 1940.

Rehearing Denied Aug. 7, 1940.

Grainger & Hunt, of Los Angeles, Cal., for appellant.

Bordwell, Mathews & Wadsworth, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The District Court confirmed the order of the Referee in Bankruptcy to the effect that certain sums of money loaned by the appellant to the appellee's bankrupt were not secured by a previously executed chattel mortgage to which we shall hereinafter refer. The matter is brought here for review pursuant to Sections 24, subs. a and b and 25, sub. a of the Bankruptcy Act, 11 U.S.C.A. §§ 47, subs. a and b and 48, sub. a.

On May 10, 1938, the bankrupt, Irving Van Velsir, Jr., doing business as Van Velsir Trucking Company, executed a chattel mortgage on certain automobile equipment in favor of the appellant State Finance Company [hereinafter for convenience referred to as "Finance Co."] to secure bankrupt's promissory note in the sum of $18,995.60 for money loaned. This mortgage indenture provided as follows: "This mortgage shall also be security for the repayment to the mortgagee of all future advances made by the mortgagee to the mortgagor, not exceeding the sum of $2,500.00, and also of all expenses incurred by the mortgagee in recovering possession of the mortgaged property, including court costs, attorney's fees, and premium on bonds in claim and delivery, together with interest on such advances and expenses, at the rate of twelve percent per annum."

On November 26, 1938, and while the mortgage to which reference has just been made was effective, Finance Co. made a further loan to the bankrupt in the sum of $6,843.40, which was evidenced by a chattel mortgage in which automobile equipment other than that mortgaged in the former transaction was given as security by the bankrupt. No reference to the first loan nor to the provision in the mortgage securing the same referring to "advances" was made in this note or mortgage.

A few days after the date of the second transaction, the bankrupt in Los Angeles, California, indicted a letter addressed to Finance Co. in San Francisco, the body of which we quote:

"For and in consideration of the advance by the State Finance Company, to Irving Van Velsir Junior dba Van Velsir Trucking Company, of $6843.40, as evidenced by a Note and Chattel Mortgage dated November 26, 1938, the said Irving Van Velsir Junior, dba Van Velsir Trucking Company, agrees that in addition to the collateral listed in that Chattel Mortgage such equities as there may now be or as may be developed in equipment now held by the State Finance Company as collateral on a certain Chattel Mortgage dated, May 10, 1938 and carrying an original principal bal-

60

ance of $18,995.90 shall be and is hereby pledged as further security against the amount of $6843.40 advanced against the Note and Chattel Mortgage dated November 26, 1938.

"It is further understood and agreed that any pay-off of the amount then due on Note dated May 10, 1938, must be increased by a sufficient amount then agreed upon to reduce the balance then outstanding on the Note dated November 26, 1938, in accordance with the ideas of the State Finance Company at that time."

This letter was not acknowledged or recorded as provided by California Civil Code § 2957, nor was it registered with the Department of Motor Vehicles of the State of California, and therefore was ineffectual, as against creditors of the bankrupt as an instrument to create any additional security for the money advanced in the transaction of November 26, 1938. See Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68.

We must therefore look to the two mortgages described above, to determine the rights of the parties. The Finance Co. maintains that under its terms the mortgage of May 10, 1938, is security to the extent of $2,500, for the note covered by the mortgage of November 26, 1938. The appellee contends, and in this he is supported by the decision of the Referee and the District Court, that the second loan, being secured by separate collateral, is a separate and distinct transaction from the first loan, and hence is not an "advance" under the terms of the mortgage of May 10, 1938.

The question first presents itself, what is the meaning of the term "advance" as used by the parties in the mortgage of May 10, 1938? Would the $6,843.40 loaned in the second transaction constitute an "advance" were it not for the fact that additional security were given? If it be determined that the loan would constitute an "advance", then does the fact that additional security was taken take the loan out of the category of an "advance" as contemplated by the parties?

We find few California cases dealing with the question of what constitutes an "advance". However, it is certain that the California courts construe the term broadly. For instance, in Frank H. Buck Co. v. Buck, 162 Cal. 300, 122 P. 466, 467, the mortgage contained the provision "It is the purpose of this mortgage to secure future advances to as well as the present indebtedness of the party of the first part." The

mortgagee sought to have this mortgage secure, among other items, a loan by the Sutter Bank to the mortgagor, and guaranteed by the mortgagee, which the mortgagee had paid. The court said (162 Cal. page 305, 122 P. page 468): "No well-grounded reason can be advanced why the payment of the $3,000 to the Sutter National Bank under the appellant's guaranty should not be made a charge against Buck under the mortgage lien. The evidence discloses that Buck applied to appellant for this loan; that appellant felt unable to advance the money to Buck directly at that time, and secured the money for him from the Sutter Bank by guaranteeing his indebtedness. The guaranty was an independent obligation. The appellant did not become a mere surety and was in no sense a volunteer in paying the debt, the very interest upon which it had been compelled to meet. If the appellant had advanced the money directly to Buck, no question would arise but that the advancement would be secured under the terms of the mortgage. The advances thus indirectly made by the Sutter Bank and afterward taken over by appellant through its payment to that bank in no material sense changed the nature of the transaction."

Here the California Supreme Court interprets a "future advance" provision to include money borrowed by the mortgagor from an independent organization, and guaranteed by the mortgagee. And in the course of its decision the Court states that there could be no question but that it would constitute an advance had the money been loaned directly by the mortgagee to the mortgagor. Certain it seems that if the California Court would constitute a guarantee by the mortgagee as an "advance" it would also construe a loan of money by the mortgagee to the mortgagor such as we have in the instant case as an "advance".

There is nothing in the terms of the mortgage of May 10, 1938, to indicate an intention to exclude from the terms thereof any class of advances that might thereafter be made. The entire question, therefore, turns on whether or not the taking of additional security by the mortgagee in connection with the loan of November 26, 1938, tended to exclude that loan from the provisions of the mortgage of May 10, 1938.

In Anglo-Californian Bank v. Cerf, 147 Cal. 384, 81 P. 1077, the plaintiff was attempting to foreclose as mortgagees two

deeds of conveyance, absolute in form. The court found that the deeds were actually given as security for the payment of a specified indebtedness and also for the payment of all further advances that might be made by the plaintiff to the defendant and all sums that might thereafter become due from the defendant to the plaintiff.

In the cited case, as in the present case, the contention was made that one item of $5,000 could not in any event be secured by the future advance stipulation of the mortgage, because of the fact that additional security had been taken for the payment of that loan. In reply to this contention, the California Supreme Court said (147 Cal. page 391, 81 P. page 1080): "Of course, the parties might have specially contracted that this loan should be altogether excluded from the arrangement already made; but the mere giving of additional special security, which is all the evidence here shows, does not indicate any such agreement."

The appellee urges that the Anglo-California case is distinguishable from the present case in that the mortgage there covered all future indebtedness. However, this distinction does not change the general principle upon which the California court decided the point urged—that the taking of additional security does not indicate an agreement to exclude the transaction from the terms of a prior existing mortgage which would secure that indebtedness were it not for the additional security taken.

The case of Morgan v. Gardemeyer, 82 Cal. 96, 23 P. 6, is cited by both parties. The appellee contends that the California court there expresses doubt that a future advance provision would ordinarily carry over and be effective where the new loan was secured by additional security. That case, however, was decided before the Anglo-California case, supra, and the later case dispelled that doubt.

Reason compels us to the conclusion that the California court would, if presented with the problem, hold that a "future advance" provision such as the one involved in the case before us would cover additional loans by the mortgagee to the mortgagor even though they be secured by additional collateral.

We therefore hold that the mortgage of May 10, 1938, is security to the extent of $2,500 for the note covered by the mortgage of November 26, 1938.

Reversed.