[Civ. No. 4202. Fourth Dist. Aug. 18, 1950.]

H. H. HANCOCK et al., Respondents, v. JOHN H. WILLIAMS et al., Appellants.

Fogarty & Vaughn and Don P. Fogarty for Appellants.

H. G. Sloane for Respondents.

MUSSELL, J.—The defendants, John H. Williams and Laura E. Williams, husband and wife, were the owners as joint tenants of certain real property located at Solana Beach

in San Diego County, consisting of approximately 2 acres, improved with 7 cabins, a residence and about 135 avocado trees. On January 23, 1948, plaintiffs purchased the property from the defendants, through escrow, for the sum of $50,000. The escrow was closed on or about February 15, 1948, and plaintiffs thereupon took possession. On December 31st plaintiffs commenced this action for damages based upon fraudulent representations made by the defendants by which the plaintiffs were induced to purchase the property.

The trial court found that the specifications of fraud relative to the value of the crop of avocados, the income received and the availability of the property for trailer park purposes were true, and found that the plaintiffs had suffered damages in the amount of $8,000. The evidence was sufficient to support these findings.

The plaintiffs had resold the property prior to the trial of the action for $42,000 and the trial court found that the $8,000 represented the difference between the actual value of the consideration which plaintiffs parted with and the actual value of the real property which they received.

Defendants do not here contend that the evidence is insufficient to support the finding as to the amount of damages but contend

1. That the judgment should be reversed as to the defendant Laura E. Williams because the evidence was that all of the alleged fraudulent acts and statements were made by defendant John H. Williams and without her consent or knowledge.

2. That the amount of damages awarded against defendant John H. Williams should have been reduced by the sum of $3,500.

As to the first contention, the record shows that the defendant Laura E. Williams did not personally make any representations to plaintiffs with respect to the property. However, it conclusively appears that she entrusted her husband with the negotiations for the sale and confirmed his acts by joining in the deed and escrow and that she now claims a portion of the proceeds of the sale. We conclude that the evidence was sufficient to support the implied finding of the trial court that under the circumstances her husband acted as her agent and that she was bound by his acts as such. (*Stegeman* v. *Vandeventer,* 57 Cal.App.2d 753, 759 [135 P.2d 186], and cases there cited.)

Defendants' second contention is likewise without merit. In this connection, it appears that the $50,000 purchase

price consisted of the assumption by plaintiffs of a first trust deed for $18,464.75 and a second trust deed for $11,500, then on the property; the execution of another trust deed to the defendants for $12,035.25, and the payment of $8,000 in cash. On or about March 29, 1949, plaintiffs paid the second trust deed at a discount of $3,500 and it is defendants' contention that this sum should be deducted from the $8,000 damages allowed. The argument is that the Hancocks never parted with the $3,500 and were never ''out of pocket'' in that amount.

The amount of damages suffered in cases of this kind is to be computed under section 3343 of the Civil Code, which provides:

''One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.

''Nothing herein contained shall be deemed to deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled.''

The measure of damages set forth in this statute, referred to as the ''out of pocket loss rule,'' is the rule in this state. (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 759 [192 P.2d 935].) It is also the rule that damages are to be assessed as of the date of the fraudulent transaction. (*Hines* v. *Brode,* 168 Cal. 507, 511 [143 P. 729]; *Carter* v. *Turner,* 90 Cal.App. 193, 200 [265 P. 870]; *Garstang* v. *Skinner,* 165 Cal. 721, 726 [134 P. 329].)

The plaintiffs were clearly obligated to pay the full amount of the $11,500 trust deed. The mere fact that they were able to obtain a reduction in the amount of the indebtedness does not mean that the consideration paid by the plaintiff for the property was reduced by that amount. Defendants should not be permitted to be unjustly enriched after the consummation of the fraud by them. (*Baffa* v. *Johnson,* 35 Cal.2d 36, 39 [216 P.2d 13].)

The judgment is affirmed.

Barnard, P. J. and Griffin, J., concurred.