[Civ. No. 20021.   First Dist., Div. Three.   Sept. 4, 1962.]

OTTO GRAF et al., Plaintiffs and Appellants, v. JAMES H. SUMPTER, et al., Defendants and Respondents.

Robson & Malott, Arthur L. Robson and Stanley Pedder for Plaintiffs and Appellants.

Guidotti & Mellana and Aldo P. Guidotti for Defendants and Respondents.

DRAPER, P. J.—Although judgment after trial without a jury was in their favor, plaintiffs appeal because they think the findings require a greater award than was granted.

Defendant and his joint venture associate, now deceased, sold to plaintiffs a lot and a house to be constructed thereon. Purchase price was $19,500. Contrary to the seller's representations, the house was built on filled land which was not properly compacted. The house settled unduly. It was necessary to place concrete pilings under the house to stabilize it, and to repair cracking and crumbling of the structure, all at a cost of $5,196.98. The court found that "at the time of the final completion of the sale, value of the said house had increased to $22,500.00" except for the defects thus repaired, concluded that "the value of the property at the time of purchase exceeded the purchase price by $3,000.00," and awarded plaintiffs $2,196.98.

Obviously, this figure was reached by deducting the $3,000 "increase in value" from the total of $5,196.98 representing cost of repairs. It is this deduction to which plaintiffs object.

It is conceded that plaintiffs are entitled to recover "the difference between the actual value of that with which [they] parted and the actual value of that which [they] received"

(Civ. Code, § 3343; *Bagdasarian* v. *Gragnon*, 31 Cal.2d 744 [192 P.2d 935]). The issue here is the date as of which those values are to be computed.

██ In general, damages for fraud are to be assessed as of the date of the fraudulent transaction (*Hancock* v. *Williams*, 99 Cal.App.2d 80, 82 [221 P.2d 129]). That would be the date of the contract by which plaintiffs' right to the property and their obligation to pay therefor became fixed.

██ Of course, supervening circumstances following directly from the original contract may require consideration in the fixing of damages (*Garrett* v. *Perry*, 53 Cal.2d 178 [346 P.2d 758]; and see *Garstang* v. *Skinner*, 165 Cal. 721, 726 [134 P. 329]; *Carter* v. *Turner*, 90 Cal.App. 193, 200 [265 P. 870]). The scant partial record before us, however, fails to reveal any evidence of supervening circumstances within the rule of *Garrett*.

██ We conclude that the value of what plaintiffs contracted to buy must be computed at the market existing on the date of the contract of purchase and sale. ██ Subsequent appreciation of value due to increase in market prices in the area generally should not be charged to plaintiffs. Rather, without any infringement upon the "out of pocket" rule established by section 3343, they are entitled to the benefit of any increase in the value of the land after they became its equitable owners. This gives them the benefit of their purchase only, and involves no return to the pre-1935 "benefit of the bargain" rule. But the finding that the property here purchased "increased in value" strongly implies disregard of this principle.

██ There is, however, some evidence in this incomplete record that the house, as contemplated by the contract and as completed and accepted by plaintiffs, was in fact worth, with the lot, and on the day of sale, more than the agreed sale price. If this is the increase in value referred to in the findings, it is a proper item in computation of damages, provided the value is fixed at the market as of date of sale.

The findings before us are fatally defective in failing to fix the date of sale. The record does not supply this omission. One deposit receipt in evidence is dated July 16, 1956, but is unsigned by buyers. At oral argument, counsel were uncertain whether this document had in fact been signed. Another receipt, dated December 5, 1956, is fully signed, but differs from the first only in terms of financing, and if the earlier one were in fact executed, may have been a mere

formal modification thereof. The date of occupancy of the house by plaintiffs is found to be November 22, 1956, and that of "final completion of sale" is February 1957. The finding that value of the house "had increased to $22,500" by that date from some unspecified time imports an ambiguity which is nowhere resolved. The case must be remanded for preparation of findings which will permit application of a proper measure of damages. ██ In view of this remand, we point out that cost of repairs is not of itself the proper measure of damages (*Central Mutual Ins. Co.* v. *Schmidt*, 152 Cal.App.2d 671, 675-676 [313 P.2d 132], although it may be resorted to as a means of determining value (*Unger* v. *Campau*, 142 Cal.App.2d 722, 727-728 [298 P.2d 891]).

The judgment is reversed and the cause remanded for clarification of findings, with or without the taking of additional evidence, as the trial court, with its knowledge of the complete record herein, may deem advisable.

Salsman, J., and Devine, J., concurred.