[Civ. No. 1843. First Appellate District.—June 15, 1916.]

## KATE HUFFMAN, Respondent, v. PETER KNAPP et al., Appellants.

FORECLOSURE OF MORTGAGE — FALSE REPRESENTATIONS — EVIDENCE — AGENCY.—In an action to foreclose a mortgage securing three promissory notes given as part consideration on an agreement for the exchange of lands, where the defendants pleaded that they were induced to execute the notes and mortgage by false representations made to them by a party negotiating the exchange, evidence as to the alleged fraud was inadmissible in the absence of a foundation showing that the relation of principal and agent existed between plaintiff's assignor and the one claimed to have made the false representations, or, in support of the theory of ratification, that the plaintiff's assignor accepted the fruits of the transaction with knowledge of these material facts. The mere acceptance of the fruits of the transaction does not constitute ratification, nor is such acceptance, standing alone, any evidence of ratification.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.    George E. Church, Judge.

The facts are stated in the opinion of the court.

Gallaher, Aten & Devaul, for Appellants.

Harris & Hayhurst, for Respondent.

THE COURT.—This is an appeal from an order denying the defendants a new trial and from a judgment entered in favor of the plaintiff in an action to foreclose a mortgage executed by the defendants in the usual and ordinary form to plaintiff's assignor, as security for the satisfaction of three promissory notes of the defendants aggregating the sum of seven thousand seven hundred dollars.

The notes contemporaneously with the mortgage were executed by the defendants to plaintiff's assignor as payment for the difference due under the terms of an exchange agreement, wherein and whereby plaintiff's assignor transferred to the defendants some forty acres of land situated near Clovis, Fresno County, in consideration of the notes and mortgage and the transfer by the defendants to plaintiff's assignor of a five-acre orange grove, subject to a one thousand dollar mortgage situated near the town of Glendora, California. The defendants having defaulted in the payments due under the mortgage, plaintiff elected, as the mortgage permitted, to declare the whole debt due and payable, and accordingly instituted foreclosure proceedings.    The defendants Knapp answering and cross-complaining admitted the making of the exchange agreement and the execution of the notes and mortgage as alleged in the complaint, but pleaded that they were induced to enter into and execute the same by false and fraudulent representations made to them by the agent of plaintiff's assignor concerning the character, quality, and value of the land covered by the mortgage, the age of the trees and vines growing thereon, and the annual income which the land had produced and would produce.    Upon the trial of the case the evidence disclosed that the alleged false representations were made by one W. L. Chappel; and it was the contention of the defendants that he was the agent by direct authority

of the plaintiff's assignor in the negotiations which culminated in the exchange of the properties; and that in any event the subsequent ratification of his conduct by plaintiff's assignor made the latter responsible to the defendants. The record discloses evidence sufficient to support the finding of the trial court that the relation of principal and agent did not exist prior to and at the time of the exchange between plaintiff's assignor and Chappel; indeed, it was in effect conceded by defendants' counsel during the progress of the trial that the agency, if any, relied upon to support the defense pleaded was not created by previous authorization, but if it existed at all, resulted from subsequent ratification. Upon the assumption that such ratification had been established, the defendants endeavored to introduce evidence of the false representations alleged to have been made to them by Chappel. The trial court, however, upon the objection of the plaintiff, rejected such evidence upon the ground that no proper foundation therefor had been laid, in this, that it was not shown that the relation of principal and agent existed between plaintiff's assignor and Chappel, or that the former accepted the fruits of the exchange with knowledge of the fact that the alleged fraudulent representations were the inducing cause of the defendants entering into the exchange agreement and subsequently executing the notes and mortgage. Undoubtedly it was incumbent upon the defendants to establish the existence of the relation of principal and agent between plaintiff's assignor and Chappel before evidence as to what the latter had stated and done during the negotiations would be admissible for any purpose; and failing in this it was an essential prerequisite to the admissibility of the proof proffered in support of the theory of ratification to show that plaintiff's assignor accepted the fruits of the transaction with knowledge of its material facts. This is elementary; and the rule is thus because ratification necessarily presupposes a knowledge of the thing ratified. Manifestly, the alleged fraudulent representations sought to be shown in evidence in the present case were, in so far as the defense pleaded was concerned, the material facts of the transaction. The mere acceptance of its fruits did not constitute ratification, nor was such acceptance standing alone any evidence of ratification. Upon this phase of the case the evidence at its best shows that Chappel was nothing more than a mere go-between for the de-

fendants and plaintiff's assignor, who, when brought together, proceeded to make, and did make, their own bargain for the exchange of their respective properties; and it is not claimed, nor does the evidence show, that plaintiff's assignor had at any time prior or subsequent to the making of the exchange agreement any knowledge whatsoever of the character of the representations made by Chappel when promoting the exchange. This being so, the trial court rightly rejected the evidence referred to.

The judgment and order are affirmed.