[Civ. No. 3543. Third Appellate District—June 18, 1928.]

NETTIE F. HEWITT, Respondent, v. MINNIE KLAGES, Appellant.

A. J. Bledsoe for Appellant.

Clifford Crail for Respondent.

FINCH, P. J.—March 12, 1924, the plaintiff conveyed real property in the city of Los Angeles to the defendant Minnie Klages in exchange for a leasehold interest in an

apartment house and the furniture and household goods therein. The bill of sale of such personal property provides that it is "to be free and clear of all encumbrance except a mortgage of $1,875 which the party of the second part agrees to assume and pay." It was stipulated at the trial that Mrs. Klages, prior to and at the time of the exchange, "represented that it was clear of all encumbrance except $1,875." There was at the time another mortgage lien on the property for a large amount, of which the plaintiff had no knowledge. Early in May, 1924, the plaintiff discovered the existence of this other lien. She immediately informed Mrs. Klages thereof and the latter indignantly denied that there was such a lien. On the 20th of that month Mrs. Klages executed a deed of gift of the real property in question to her daughter, defendant Agnes Jarvis, and conveyed all other property owned by her to her sons. On the 28th of the month the plaintiff served notice of rescission on the ground of the false representation mentioned and offered to restore all that she had received under the contract of exchange. Mrs. Klages refused to rescind and this suit followed. The court found that the plaintiff was induced to convey the real property to Mrs. Klages by the latter's false representation and that the deed from Mrs. Klages to her daughter was fraudulent and void. Judgment was entered accordingly in favor of the plaintiff, canceling the deed executed by her and restoring her to possession. Mrs. Klages has appealed from the judgment, but Agnes Jarvis has not appealed. Appellant's contentions will be considered in the order stated in her opening brief, without expressly enumerating them.

■ The court found that the appellant knew that the alleged false representation was false at the time it was made. The proof of such knowledge on her part is not strong, but such proof was unnecessary. "The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true," by a party to a contract, with intent to induce another party thereto to enter into the contract, is actual fraud. (Civ. Code, sec. 1572, subd. 2; *Lombardi v. Sinanides*, 71 Cal. App. 272, 278 [235 Pac. 455].)

■ A real estate agent acted for both parties and received a commission from both for his services in bringing

about the exchange of properties. The plaintiff testified that she relied on the agent "to look up everything" and also that she relied upon the representation made by the appellant. She testified: "I relied on her as much as him." In a case such as this it is sufficient to show that the false statement was an inducement to make the exchange, without showing that it was the sole inducement. (*Macdonald* v. *De Fremery*, 168 Cal. 189, 201 [142 Pac. 43].)

The fact that the plaintiff could have discovered the existence of the additional lien in question by an examination of the record thereof in the office of the county recorder does not preclude her from maintaining this action. (*Lillis* v. *Silver Creek etc. Water Co.*, 21 Cal. App. 234, 241 [131 Pac. 344]; *Teague* v. *Hall*, 171 Cal. 668, 670 [154 Pac. 851].)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1928.

All the Justices concurred.