[Civ. No. 729. Fourth Appellate District.—August 23, 1932.]

MURRAY BOURNE, Plaintiff and Respondent, v. ALFRED C. ROOT et al., Appellants; YOSEMITE PORTLAND CEMENT COMPANY (a Corporation) et al., Cross-Defendants and Respondents.

Manley C. Davidson, Bradley & Bradley and Archie A. Smith for Appellants.

F. H. Pearson for Respondents.

SCOVEL, J., *pro tem.*—The complaint in this action sets up a promissory note executed by defendants to plaintiff alleges nonpayment of the same and prays for judgment thereon. Defendants' answer admitted liability on the note. Defendants filed a cross-complaint upon a *quantum meruit* for services rendered to the plaintiff and the Yosemite Portland Cement Company. The Yosemite Portland Cement Company was made a party to the action upon the filing of the cross-complaint and both cross-defendants filed an answer thereto in the nature of a general denial. At the trial of the matter it was stipulated that judgment might be entered in favor of plaintiff in an agreed amount upon the complaint, the trial proceeding upon the cross-complaint.

It appears from the transcript that the plaintiff was a director and the treasurer of the Yosemite Portland Cement Company, a corporation. A conversation in regard to the sale of cement by the corporation was had between plaintiff and defendant, Alfred C. Root. According to plaintiff the conversation merely related to business being done by the company and its prospects for future sales. He denied ever having made an agreement with defendant employing him to make sales of cement.

This defendant, Alfred C. Root, was called as a witness and testified that in the conversation plaintiff employed him for the purpose of selling cement to the Valley Paving Company and agreed the company would pay him ten cents per sack for all sacks of cement he might sell. This testimony was objected to on the ground that no proper foundation had been laid in that it had not been shown that plaintiff was authorized to make such an employment contract on behalf of the corporation. A ruling was reserved, but at the close of the trial, upon motion of plaintiff, the evidence was stricken from the record.

J. C. Caldwell, president of the Valley Paving Company, testified that his company purchased the sacks of cement after solicitation by defendant, Alfred C. Root, and that in a conversation with plaintiff Bourne regarding a discount to be allowed, Bourne stated the discount would be paid through defendant Alfred C. Root. A similar objection and motion to strike was made to this testimony and at the close of the trial it also was stricken from the record. Judgment was entered in favor of plaintiff Bourne, on the complaint in accordance with the stipulation and in favor of both cross-defendants on the cross-complaint. From the whole of this judgment cross-complainants appeal. No contention is made that that portion of the judgment in favor of plaintiff on the complaint is erroneous, from which it follows that that portion of the judgment must be affirmed.

Appellants' sole contention on their appeal from that portion of the judgment in favor of cross-defendants on the cross-complaint is that the court erred in striking from the record the testimony above set forth. As to cross-defendant Yosemite Portland Cement Company, they concede that no direct testimony showing authority in respondent Bourne sufficient to authorize the making of the agreement for employment was introduced and that he had no such authority

merely by reason of his position as director and treasurer of the company. (See 6a Cal. Jur. 1164.) Appellants contend, however, that the corporation having accepted the fruits of the contract through the sale of the cement thereby ratified the action of its agent and is bound thereby. Respondents concede the general rule that where a principal accepts the benefits of an unauthorized contract made by its agent it is bound by the contract but contend the rule only applies where it is shown that the principal had full knowledge of the acts which it is claimed were ratified. That since it was not shown that the respondent corporation had any knowledge of the agreement to pay a commission, it cannot be held for such commission merely because it thereafter accepted the sales made thereunder and that the evidence as to the terms of the contract providing for a commission was therefore properly stricken from the record.

We are of the opinion that the evidence was properly stricken from the record as to cross-defendant Yosemite Portland Cement Company. Civil Code, section 1589, provides that the acceptance of the benefits of a transaction is equivalent to a consent to all the obligations arising therefrom so far as the facts are known or ought to be known to the person accepting.

In 14 (a) Corpus Juris, 387–390, the rule that acceptance of the benefits of an unauthorized act constitutes a ratification is limited to such acceptance by the corporation with knowledge of the facts. The same principle is supported in 21 R. C. L. 928; 7 A. L. R. 1446. (See, also, *Huffman* v. *Knapp*, 30 Cal. App. 759 [159 Pac. 456]; *Extension Gold Mining & Milling Co.* v. *Skinner*, 28 Colo. 237 [64 Pac. 198].)

The record fails to show any knowledge whatsoever upon the part of the corporation as to the purported agreement to pay cross-complainant a commission other than the knowledge of cross-defendant Bourne.

Knowledge of an agent, however, is not knowledge of the principal as to matters outside the scope of the agent's authority. (1 Cal. Jur. 849.)

A corporation not being chargeable with the knowledge of an officer or agent who has no authority to bind the corporation in the matter is not chargeable with the knowledge of the wrongdoing officer or agent. (*Wickersham Bank-*

*ing Co.* v. *Nicholas,* 2 Cal. App. 18 [82 Pac. 1124] ; 14 (a) Cor. Jur. 375.)

It follows that the evidence was properly stricken as to cross-defendant Yosemite Portland Cement Company.

It seems elementary, however, that in so far as the liability of respondent Bourne is concerned, the evidence stricken was admissible, the conversation being in the nature of admissions on his part.

He contends, however, that in any event the judgment in his favor must stand, since in his testimony he denied having made any employment agreement with defendant Alfred C. Root, and that therefore the judgment was based on conflicting testimony and should not be disturbed on appeal. All of such conflicting testimony having been stricken from the record there was at the time of judgment no conflict. We cannot on appeal assume that the court would have found in favor of plaintiff had the contradictory evidence not been stricken.

The judgment on the complaint is affirmed. That portion of the judgment in favor of the cross-defendant Yosemite Portland Cement Company upon the cross-complaint is affirmed. That portion of the judgment in favor of the cross-defendant Murray Bourne upon the cross-complaint is reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 20, 1932.