[Civ. No. 11769. Second Appellate District, Division One.—March 23, 1939.]

WILLENE DODD SNYDER, Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a Corporation), Respondent.

Emmett E. Doherty and R. G. Blanchard for Appellant.

Jennings & Belcher and Louis E. Kearney for Respondent.

DORAN, J.—This is an appeal by plaintiff from a judgment of dismissal following an order sustaining a demurrer to the second amended complaint without leave to amend; an appeal is also taken from the order denying plaintiff's motion to vacate the judgment, and from the order denying a motion for leave to file a third amended complaint.

The facts as alleged in the second amended complaint are substantially as follows: That for some time before February 13, 1930, defendant corporation was the custodian of the will of one William E. Dodd, dated August 4, 1919, in which will defendant was named as executor, and under which will plaintiff, a daughter of the testator, was named as sole beneficiary; that said William E. Dodd died on February 13, 1930; that subsequent to the death of William E. Dodd, letters of administration of the estate of said decedent were petitioned for and granted on March 3, 1930, to Metals Bank and Trust Company, a Montana corporation, by the District Court of the Second Judicial District of Montana; that the defendant was informed of such death on March 8, 1930; that on March 20, 1930, the administrator demanded of defendant all papers, bonds and documents which defendant might have belonging to decedent; that thereafter, pursuant to said request, defendant delivered to said administrator various papers, bonds and documents and that defendant professed thereby to have delivered all of such documents then in its possession; that defendant knew at that time that it had in its possession and under its control the said will, but "falsely and fraudulently represented that it had so delivered all and every one of such documents then in its possession and that it had retained no papers, bonds, or documents whatsoever which belonged to the decedent, William E. Dodd, during his lifetime"; that until April 14, 1936, defendant failed to deliver the will to the clerk of the court having jurisdiction of the estate; that plaintiff did not know of the existence of said will until April 14, 1936; that during the pendency of the administration a purported will, executed in 1917, was filed by other relatives of the decedent, providing for various specific bequests and legacies; that the *corpus* of the estate was not sufficient to permit the payment of said specific bequests; that the administrator thereafter negotiated a settlement of all claims with certain of the beneficiaries un-

der the purported will, thereby depleting the liquid assets of the estate and causing the discontinuance of the payment of a monthly allowance to plaintiff; that as a result thereof plaintiff was left without income and was compelled to permanently abandon her college education.

The action herein, commenced on April 14, 1937, was for damages alleged to have resulted from the failure of the defendant to deliver the will as provided in section 320 of the Probate Code.

The judgment of the trial court, appealed from, recites in substance that the demurrer of the defendant to the second amended complaint was submitted upon written argument; that the written argument of plaintiff in opposition to the demurrer sets forth that plaintiff ''does not impute any corrupt motive or deliberate intention to defraud, to the defendant''; that from plaintiff's admissions upon written argument plaintiff could not truthfully amend the complaint to allege that any act or omission of defendant was made with intent to defraud, or that there was any intentional concealment; that therefore the order sustaining the demurrer was made without leave to amend.

Appellant concedes that no amendment could cure the alleged defects, in the event respondent's position as to the law governing the statute of limitations is sustained; that therefore the appeal raises but two substantial issues, namely: when does the statute of limitations commence to run on a cause of action for failure to deliver a will; and, ''is the statute of limitations tolled by the act of a corporation in concealing the existence of a cause of action by means of false representations where knowledge of the falsity thereof is imputed to the corporation''.

Section 320 of the Probate Code is as follows:

''Delivery of will after death. The custodian of a will, within thirty days after being informed that the maker thereof is dead, must deliver the same to the clerk of the superior court having jurisdiction of the estate, or to the executor named therein. Failure to do so makes such person responsible for all damages sustained by anyone injured thereby.''

It is respondent's contention that whatever rights might have accrued to appellant by virtue of the above section, the enforcement thereof is foreclosed by the statute of limitations

which, as further contended by respondent, commenced to run at the end of the thirty-day period within which the will is required to be delivered; that inasmuch as defendant corporation was the named executor, and was in possession of the will, no requirement of section 320 of the Probate Code remained unfulfilled.

Appellant's action was commenced within the statutory period. The complaint recites facts which appear to justify the action under section 320 of the Probate Code. The period of limitations for such actions is three years unless it is further predicated upon the ground of fraud, in which case the cause of action is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. (Sec. 338, Code Civ. Proc., subds. 1 and 4.)

Fraud may be either actual or constructive. The suppression of that which is true, by one having knowledge or belief of the fact, is actual fraud. (Sec. 1572, Civ. Code.) That the defendant corporation had such knowledge with regard to the will, there can be no question.

It is well established that a corporation is not chargeable with the knowledge of an officer or agent who has no authority to bind the corporation (*Bourne* v. *Root,* 125 Cal. App. 461, 464 [13 Pac. (2d) 1066]), but the contrary is also regarded as the general rule, namely, that notice to an officer or authorized agent of a corporation is notice to the corporation. (1 Cal. Jur., p. 848; *Jefferson* v. *Hewitt,* 103 Cal. 624, 629 [37 Pac. 638].) The foregoing applies to actual knowledge, which appellant manifestly had the right to allege. Not only was such fact material to the issue plaintiff and appellant sought to create, but, as well, appellant was further fortified with the right to establish constructive notice. (Sec. 18, Civ. Code.) That a corporation can have knowledge only through its officers and agents is elementary. It would appear from the record and from an examination of respondent's brief that for respondent to deny either actual or constructive notice of the possession of the will would be extremely difficult, if not, indeed, impossible. Whether the concealment of the will by respondent was intentional, under the circumstances, is immaterial.

Section 1572 of the Civil Code is unqualified, and hence the "suppression of that which is true", whether intentional, or

accidental and inexcusable, comes within the meaning of the provision. Appellant, therefore, was entitled to the opportunity to allege accordingly. In that connection plaintiff sought to allege fraud, which, as hereinbefore mentioned, would suspend the operation of the statute of limitations until the discovery of such fraud. Plaintiff's right to incorporate the element of fraud was vital. Fundamentally, all causes of action, as to the time within which the same may be commenced, are, according to the character of each, governed by the several statutes of limitation. The cause of action created by section 320 of the Probate Code is no exception and if, in whatever connection with such a cause of action, the element of fraud is relevant, it may be relied upon.

 Respondent argues as follows: ''In the present case, as illustrating even more plainly the lack of reality in the charge of 'fraud', it is to be noted that the defendant bank had nothing to gain and is not claimed to have gained any profit or consideration at all. In fact, the complaint alleges that respondent was named as executor in the will and that decedent 'had property and an estate in Los Angeles County, California'. If this be true, then it is plain the respondent could only profit by offering the will for probate, obtaining issuance to it of letters testamentary as executor, and receiving the statutory fees for so acting. In other words, it is not alleged in this case that 'the bank received any benefit from the transaction' but the facts alleged show it actually suffered a loss of executor's fees by not filing the will and having letters testamentary issued to itself. In this case, then, not only is there no fraudulent intent, but it was, under the facts, all to the benefit of the respondent to do what plaintiff alleges it failed to do.'' The argument is only plausible, and constitutes no defense to the action sought to be established by appellant. Although respondent may be indifferent to small profits, nevertheless the opportunity for profit was there but was lost as the result of respondent's own blunder. Having assumed the responsibility imposed by the provisions of section 320, by accepting the will as the custodian thereof, respondent's blunder affords no escape from the liability created by the same section.

 With regard to respondent's contention above noted, that inasmuch as defendant company was the named executor and was in possession of the will, no requirement of

section 320 of the Probate Code remained unfulfilled, it should be noted that the section is designed to exact the discovery of wills, and in no sense is intended to encourage their concealment. To adopt respondent's construction would, in effect, destroy its purpose. It was respondent's duty to comply with the mandate of the section even though named as the executor.

For the foregoing reasons the judgment of dismissal following the order sustaining the demurrer to the second amended complaint without leave to amend, and the order denying plaintiff's motion to vacate the judgment, are, and each of them is, reversed, and the cause remanded with directions to the trial court to proceed in accordance with the views herein expressed.

It is unnecessary to give consideration to the appeal from the order denying the motion for leave to file the third amended complaint, and the appeal from such order is therefore dismissed.

York, P. J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 8, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1939. Curtis, J., voted for a hearing.