[Civ. No. 17022.   Second Dist., Div. Three.   Mar. 8, 1950.]

PEGGY C. THOMAS, Appellant, v. MONROE T. HAWKINS, Respondent.

Gladys Towles Root for Appellant.

J. Raymond Medberry for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment decreeing defendant, Monroe T. Hawkins, to be the sole owner of a parcel of improved real property standing of record in the names of "Monroe T. Hawkins, a single man as to an undivided one half interest and Peggy C. Thomas, an unmarried woman as to an undivided one half interest."

May 14, 1947, plaintiff, Peggy C. Thomas, commenced this action against the defendant, Monroe T. Hawkins, for partition of the property, alleging that she was the owner of an undivided half interest. Hawkins filed an answer and cross-complaint. The first count of the cross-complaint alleged that the property had been placed in the joint names of the parties merely for convenience; that Hawkins had paid $2,500 on the purchase price, executed two mortgages for $6,500 for the balance, and thereafter paid $95 monthly on the mortgages; that the purchase of the property was made upon plaintiff's representation that she was not married and would marry him; that this representation was false, and at the time the representation was made plaintiff was married to another; that the representation was made with the intent to induce him to purchase and record the property in the names of the parties as tenants in common; that plaintiff has collected $34.50 every week subsequent to the first week in February, 1947, for rental of rooms located on the premises. The second count of the cross-complaint alleged that Hawkins had contributed the money for the purchase of the property, had made the monthly payments due thereon, and had requested plaintiff to execute and deliver a deed to him but that she refused to do so.

The court found substantially in accord with the allegations of the first count of the cross-complaint; and specifically that: May 17, 1946, Hawkins purchased the property in his name and in the name of plaintiff by depositing $2,500 in escrow; he made the purchase in reliance upon plaintiff's representa-

tion that she would marry him; after the purchase plaintiff refused to marry him because she was married to another; plaintiff's representation was false and made with an intent to induce Hawkins to purchase and record the property in his name and in her name as tenants in common; Hawkins requested plaintiff to execute and deliver a deed of the property to him but she refused to do so. The court concluded that Hawkins was sole owner of the property subject to liens of record, and rendered judgment accordingly.

Appellant's contention appears to be that the evidence does not support the findings with respect to the fraud practiced upon respondent. The contention is lacking in merit as even a cursory review of the evidence indicates.

■ False representations, the wilful suppression of material facts, and the making of a promise without any intention of performing it, if committed by a party to a contract with intent to deceive another party thereto, or to induce him to enter into the contract, constitute fraud. (Civ. Code, § 1572.)

■ The fact represented or suppressed, as the case may be, is deemed material if it relates to a matter of substance and directly affects the purpose of the party deceived in entering into a contract. (*Schaub* v. *Schaub*, 71 Cal.App.2d 467, 475 [162 P.2d 966].) ■ The inducement for the purchase of the property in the names of both parties was the promise by plaintiff that she would marry defendant, coupled with the representation that she was an unmarried woman; the fraud consisted in the concealment of the fact that at the time of the promise of marriage and at the time of the purchase of the property she was in fact married to another, which marriage was not dissolved until August 2, 1946. There is evidence that shortly after defendant's discharge from the Army December 21, 1945, he asked plaintiff to marry him and she told him she would, but kept putting him off. Defendant testified that, because of this promise, he decided to buy a house (which decision was accelerated by the fact that plaintiff had received an eviction notice where she was then residing); and on May 17, 1946, bought the property.

There is a decided conflict in the evidence respecting the funds used in the down payment and in the monthly payments due thereafter; but the court found, and the evidence supports the finding, that the down payment was made by defendant, and the monthly payments thereafter due were made by defendant and by plaintiff from funds derived from rentals

received by her from the property. At all times plaintiff concealed from defendant the fact that she was married, and as early as March, 1946, and throughout the transaction which ultimately culminated in the purchase of the property, falsely represented herself as an unmarried woman, signing escrow instructions and another document as such. Defendant testified that the first inkling he had that plaintiff was married was in July of 1946. Even then plaintiff led defendant to believe this was not true. It was not until the filing of this action in 1947 that defendant learned for a certainty that plaintiff was married at the time she promised to marry him and at the time the property transaction was consummated.

Appellant intimates that respondent did not rely upon her promise and representation, but the rule nevertheless prevails that where the evidence justifies it, as it does in this case, an inference of reliance may be drawn from the circumstances which have been shown. (*Mathewson* v. *Naylor*, 18 Cal.App.2d 741, 744 [64 P.2d 979]; *Hunter* v. *McKenzie*, 197 Cal. 176, 185 [239 P. 1090].)

Affirmed.

Shinn, P. J., and Wood, J., concurred.