[Civ. No. 17827. Second Dist., Div. Two. Dec. 20, 1950.]

JOSEPH R. MILMOE et al., Respondents, v. COMPTON C. DIXON et al., Appellants.

James B. Hudson, Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellants.

Kates & Tannen for Respondents.

MOORE, P. J.—Defendants appeal from an adverse judgment for the sum of $12,500 as damages for fraud in their sale of an improved real property. They demand a reversal on the ground that the evidence does not support the findings.

In March, 1948, respondents purchased from appellants for $21,000 five and a half acres of realty improved by two structures referred to herein as the main house and the guest house. Both dwellings had been erected by appellants. They commenced construction in 1938 pursuant to a building permit obtained for a structure 18 x 21 feet comprising only the dining room, bedroom and bath of the main house as it stood at the time of the sale. By 1943 appellants had built several additional rooms to this original unit without procuring a single building permit. Likewise, the guest house, at first constructed as a chicken coop without a permit, was improved by the addition of the other rooms and was in 1945 used by appellants as their residence. As a consequence of such puerile procedure, concealed structural defects inhered in both houses which substantially affected their fitness for human habitation and their salability on the open market. In many particulars the buildings did not comply with the applicable building codes. Such defects were not discovered until after

respondents occupied the property when they undertook to make alterations they had planned for the main house. A city building inspector was then engaged to scrutinize the premises. As a result appellants were ordered to procure permits for both houses and conform them with the building code requirements or demolish them. Because of the exorbitant cost of making the necessary alterations to the main house it had to be destroyed and one entirely new was built upon the site thus cleared for a new building.

The foregoing facts were found by the trial court which also determined specifically that building code requirements had not been complied with in that foundations and bolts were inadequate, wall studding was overspaced, corner studding insufficient, plaster had been applied on an unauthorized base, studding had been improperly spliced, angle braces were missing between studs and the mudsills had not been treated. It was also found that while the defendants had made no affirmative misrepresentations they had concealed the fact that no building permit had been obtained and that such concealment was for the purpose of inducing respondents to enter into the agreement of purchase and that respondents would not have made the purchase if they had known the facts so concealed.

■ Appellants' first contention is that plaintiffs made their purchase after personal inspection; relied upon their own independent judgments and were not induced to enter into the transaction by any statements or concealment of facts by appellants. They argue that since the evidence shows respondents to have made a personal inspection of the buildings and to have had an architect and a bank appraiser examine and appraise the premises, respondents must be deemed, as a matter of law, to have discovered all material facts, citing, *Carpenter* v. *Hamilton,* 18 Cal.App.2d 69, 72 [62 P.2d 1397]; *Hackleman* v. *Lyman,* 50 Cal.App. 323, 328 [195 P. 263]; *Cameron* v. *Cameron,* 88 Cal.App.2d 585, 594 [199 P.2d 443]; *Gifford* v. *Roberts,* 81 Cal.App.2d 712, 718 [184 P.2d 942]; *Nielsen* v. *McKenna,* 8 Cal.2d 690, 694 [67 P.2d 1044]. However, the evidence does not support such contention. Mr. Milmoe and the architect both testified that the latter's inspection was after the transfer of the property had taken place. The inspection by the bank representative was a hurried, general examination of only 15 or 20 minutes' duration. There was no evidence that the parties discussed the construction details of the house other than testimony that some conversa-

tion was had about the buildings' being of older construction, for which reason apparently loans for the purchase of the property were denied. This evidence falls far short of establishing as a matter of law that respondents relied on their own inspection or that of the bank appraiser. On the contrary, Mr. Milmoe testified that he relied on Mr. Dixon's statements that he had erected the house himself and that it was strong and well built.

The authorities cited by appellants do not support their contention in view of the fact that in each of them the buyer was charged with knowledge of the defects inasmuch as they were obvious and no technical knowledge was required in order for their presence to be revealed. ■ The true rule pronounced by these very decisions is that where a party makes an inspection of property, he does not forfeit his right to rely upon the representations or concealment of the seller as to matters of a technical nature or as to facts not ascertainable by the exercise of reasonable diligence in the inspection. (See also *Fay* v. *Mathewson*, 179 Cal. 318, 319 [180 P. 939] ; *Dow* v. *Swain*, 125 Cal. 674, 680 [58 P. 271].) In the case at bar the defects as found by the trial court were of a technical nature and it is unlikely that ordinary diligence on the part of the respondents would have revealed their presence inasmuch as most were apparently not visible to the eye, since they had been concealed by outer construction and were only revealed after alterations had been commenced.

Was the concealment of the structural defects and of the construction without a building permit actionable fraud?

■ It is a general rule that a vendor not in a confidential relation to the buyer is not under a duty to make full disclosure concerning the object which he would sell. However, it is a universally recognized exception that if he undertakes to do so he is bound not only to tell the truth but he is equally obligated not to suppress or conceal facts within his knowledge which materially qualify those stated. If he speaks at all he must make a complete and fair disclosure. (*Rogers* v. *Warden*, 20 Cal.2d 286, 289 [125 P.2d 7] ; *Macco Construction Co.* v. *Fickert*, 76 Cal.App.2d 295, 299 [172 P.2d 951] ; *Dyke* v. *Zaiser*, 80 Cal.App.2d 639, 652 [182 P.2d 344] ; *Boas* v. *Bank of America*, 51 Cal.App.2d 592, 597 [125 P.2d 620].) Certainly respondents were privileged to assume that appellants had complied with the law in securing building permits, if any were required, and in conforming with the building

codes. (*Ehlers* v. *Bihn*, 71 Cal.App. 479, 487 [235 P. 673]; *A. E. Bell Corp.* v. *Bell View Oil Syndicate*, 24 Cal.App.2d 587, 611-2 [76 P.2d 167].) ■ Consequently, the fact that, except for the original three rooms, all the construction was accomplished without permits materially qualifies the appellants' representations that they personally erected the dwellings and that the same were sound and well built. The trial court correctly concluded that this was not a privileged concealment and the failure to disclose it constituted fraud.

There is apparently no authority touching upon the problem that is involved in the facts of this cause but in analogous situations recovery has been permitted. In *Rothstein* v. *Janss Investment Co.*, 45 Cal.App.2d 64 [113 P.2d 465], and *Clauser* v. *Taylor*, 44 Cal.App.2d 453 [112 P.2d 661], the existence of filled ground not disclosed to the buyers has been held to be actual fraud. Also, in *Dyke* v. *Zaiser, supra,* it was held fraudulent where a vendor of a concession lease failed to disclose to the buyer that the police were about to close the concession because it was in violation of the law. In this latter decision it was said by the court that "the present tendency . . . is to class concealment as actual fraud in those cases where the seller knows of facts which materially affect the desirability of the property which he knows are unknown to the buyer."

In *Mary Pickford Co.* v. *Bayly Bros., Inc.,* 12 Cal.2d 501 [86 P.2d 102], it was held fraudulent where a vendor of securities sold same without a permit required by the Corporate Securities Act. In its memorandum for decision the trial court pertinently and correctly observed, "if . . . the seller of a security impliedly represents that the law has been complied with and that a permit for such sale has been issued, does it not follow that if the builder-owner of a house sells such house he impliedly represents that the law has been complied with and that the requisite building permits have been issued for the construction thereof? This court can see no logical difference."

■ Finally, there is no error present in the amount of damages awarded. Under Civil Code section 3343 the trial court properly awarded respondents "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." The evidence shows that respondents paid $21,000 for the property and the testimony adopted by the court established the actual

value of the property to be only about $8,000. It cannot be said that the award of $12,500 as damages was unreasonable.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 15, 1951. Schauer, J., voted for a hearing.