[Civ. No. 19225. Second Dist., Div. Three. Jan. 22, 1953.]

BERTHA CURRAN, Plaintiff and Respondent, v. VICTORIA HESLOP et al., Appellants; HERBERT HAWKINS, Defendant and Respondent.

Snyder & Fletcher, Owen E. O'Neil and W. Cloyd Snyder for Appellants.

John S. Bolton and F. V. Lopardo for Plaintiff and Respondent.

Shatford & Shatford and Henry W. Shatford for Defendant and Respondent.

VALLÉE, J.—Plaintiff brought this suit against Victoria Heslop, Hortense Low, and Mercedes L. Foster, former owners of a parcel of realty, and Herbert Hawkins, a realtor, for rescission of a contract to purchase the realty, and for damages. Judgment was for plaintiff against the former owners, and for Hawkins against plaintiff. The former owners appeal. They will be referred to as the defendants.

About November 10, 1950, plaintiff agreed in writing to purchase a parcel of realty owned by defendants. The property was improved with a dwelling. The complaint alleged, and the court found, the defendants falsely represented to plaintiff that (1) the dwelling was a duplex ready for immediate rental and occupancy; (2) the dwelling and the rooms, portions and parts thereof, were constructed in compliance with all building codes, ordinances, and laws; (3) the plumbing in the dwelling complied with all plumbing codes, ordinances, and laws pertaining thereto, and was in satisfactory and usable condition. The complaint also alleged,

and the court found, that defendants knew the representations were false, made them to induce plaintiff to purchase, and that plaintiff relied on them. The complaint further alleged, and the court found, that defendant concealed the following material facts, which were in violation of the building code of Alhambra where the property is located, and of the state housing act: (1) the kitchens had no window openings; (2) one bathroom opened directly into a kitchen; (3) one bathroom was an inside room with no windows; (4) the window area of one bedroom had less than the minimum window area; (5) another bedroom had less than the required ceiling height; (6) the laundry tray in a screen porch had no visible trap on the waste line.

Defendants' claim is that there is no substantial evidence to support the findings. While we find no evidence to support a number of the findings, we are satisfied there is sufficient substantial evidence to support one finding of fraudulent concealment. The house was an old one—at least 55 years old. The evidence is undisputed that at the time of the purchase there were various conditions which were violations of the Alhambra building code and the State Housing Act as they then existed. However, as to a number of the alleged violations, there was no evidence that at the time the work was done the conditions resulting constituted violations of the Alhambra building code or the State Housing Act in effect at that time. As will be developed, there was evidence that one of the alleged violations was a violation of the building code and the State Housing Act in effect at the time the work was done in 1949. It was undisputed that defendants did not tell plaintiff about any of the alleged violations. The questions are whether there is any substantial evidence to support the findings that defendants knew that the work done in 1949 was a violation of the building code or the State Housing Act, and whether, if they were under a duty to speak, they knowingly concealed the facts from plaintiff.

In 1944 defendants applied to the building department of Alhambra for a permit to add a bedroom on the southeast corner of the dwelling. The permit was issued and the room constructed. In 1947 they applied for a permit to construct a bedroom and a dining room with an open porch between them on the south side of the dwelling. The permit was issued and the construction done. In 1949, without obtaining a permit therefor, defendants enclosed the open

porch and installed a laundry tray on the porch without a trap on the waste line. There was evidence that defendants knew in 1949 that enclosure of the porch without a permit was a violation of the then existing building code of Alhambra. There was evidence defendants knew that in order to make a structural alteration in the building, a building permit from the building department of Alhambra was required. There also was evidence that as a result of enclosing the porch a bedroom and a kitchen were left without a window opening directly into a street, public alley, yard, or court, as required by the building code and the State Housing Act.

Civil Code, section 1572, provides: "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: . . . 3. The suppression of that which is true, by one having knowledge or belief of the fact."

The Restatement says "there is no privilege of nondisclosure, by a party who . . . knows that the other party is acting under a mistake as to undisclosed material facts, and the mistake if mutual would render voidable a transaction caused by relying thereon." (Rest. Contracts, § 472.) In Comment b to section 472 it is said: "[I]f a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it, non-disclosure is not privileged and is fraudulent."

Concealment is classified as actual fraud in those cases where the seller knows of facts which materially affect the desirability of the property which he knows are unknown to the buyer. (*Dyke* v. *Zaiser*, 80 Cal.App.2d 639, 653 [182 P.2d 344]; *Kuhn* v. *Gottfried*, 103 Cal.App.2d 80, 86 [229 P.2d 137].)

In *Clauser* v. *Taylor*, 44 Cal.App.2d 453 [112 P.2d 661], it is said (p. 454): "It is the law that, where material facts are accessible to the vendor only and he knows them not to be within the reach of the diligent attention and observation of the vendee, the vendor is bound to disclose such facts to the vendee, and upon his failure to do so, the vendee may rescind the transaction upon discovering the true state of facts." (See, also, *Herzog* v. *Capital Co.*, 27 Cal.2d 349, 353 [164 P.2d 8]; *Rothstein* v. *Janss Investment Corp.*, 45

Cal.App.2d 64, 68-71 [113 P.2d 465]; *Barder* v. *McClung,* 93 Cal.App.2d 692, 697 [209 P.2d 808]; *Milmoe* v. *Dixon,* 101 Cal.App.2d 257, 261 [225 P.2d 273]; *Tatham* v. *Pattison,* 112 Cal.App.2d 18, 20 [245 P.2d 668].)  ▮  In *Barder* v. *McClung, supra,* it is said (p. 697): ''The suppression of that which is true, by one having knowledge or belief of the fact, is actual fraud.  (Civ. Code, § 1572; *Snyder* v. *Security-First Nat. Bank,* 31 Cal.App.2d 660, 664 [88 P.2d 760].) 'Deceit may be negative as well as affirmative; it may consist in suppression of that which it is one's duty to declare, as well as in the declaration of that which is false.' ''

Defendants' knowledge and the materiality of the concealment were questions of fact.  The evidence is sufficient to support the conclusions of the trial judge that defendants were aware of the fact the porch was enclosed in violation of the building code and the State Housing Act and that, as a result of its enclosure, the bedroom and kitchen were without windows opening directly into a street, public alley, yard, or court, as required by the code and the housing act, and that the concealment was of a material fact.  ▮  Since these violations were not apparent, which fact was also known to defendants, they were under a duty to disclose the facts to plaintiff; and on their failure to do so, she was entitled, on learning the true facts, to rescind the contract.  ▮  It is sufficient if the evidence shows that the fraudulent concealment as to the violations of the building code in 1949 was an inducement to make the purchase, without showing that it was the sole inducement.  (*Hewitt* v. *Klages,* 92 Cal. App. 596, 597 [268 P. 694].)  ▮  If there is substantial evidence to support the findings with respect to any one material concealment, the judgment must be affirmed.  (*Kuhn* v. *Gottfried,* 103 Cal.App.2d 80, 84 [229 P.2d 137].)

▮  It is suggested that plaintiff did not rely on the fact that there was no violation of the building code, in making the purchase.  Plaintiff testified she would not have purchased the property had she known there were violations of the building code.  This, in itself, is sufficient evidence to support the finding of reliance.  Further, the court was warranted in inferring from the circumstances shown that plaintiff would not have purchased had the true facts been disclosed.  (*Thomas* v. *Hawkins,* 96 Cal.App.2d 377, 380 [215 P.2d 495].)

It is also suggested that plaintiff did not rely on and was

not induced to purchase by the alleged fraud because she made an independent examination of the property before the transaction was consummated. ■ The applicable rule is stated in *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 748 [192 P.2d 935] : ''An independent investigation or an examination of property does not preclude reliance on representations where the falsity of the statement is not apparent from an inspection, or the person making the representations has a superior knowledge, or the party relying thereon is not competent to judge the facts without expert assistance.'' The only examination made of the dwelling by plaintiff prior to receiving the deed was to walk through it on two occasions. The evidence supports the inference that it was not apparent from an inspection that the closed porch was a violation ·of the building code or that its enclosure made the bedroom and dining room violations, that defendants had a superior knowledge, and that plaintiff was not competent to judge the facts without expert assistance.

■ Defendants were joint owners of the property. Defendant Foster conducted all the negotiations for the sale with plaintiff. It is argued that because defendants Heslop and Low did not participate in the negotiations, they may not be charged with any fraud of defendant Foster. It appears that defendants Heslop and Low entrusted defendant Foster with the negotiations for the sale and confirmed her acts by joining in the deed. Thus the evidence is sufficient to support the implied finding that defendant Foster acted as the agent of defendants Heslop and Low, and that they are bound by her nondisclosure. (*Lewis* v. *McClure,* 127 Cal.App. 439, 445-447 [16 P.2d 166] ; *Hancock* v. *Williams,* 99 Cal.App.2d 80, 81 [221 P.2d 129].)

■ Defendants urge that plaintiff ''exercised such control, authority, and possession of the property in question after serving the Notice of Rescission as to preclude any claim for rescission.'' After receiving the deed to the property, plaintiff moved some of her furniture into the house, but did not move in herself. A busy neighbor, knowing of plaintiff's controversy with defendants, undertook to effect a sale of the property in an effort to settle it. Plaintiff gave the neighbor the key and permitted her to place a ''For Sale'' sign on the house and to show the property. Plaintiff testified: ''I told her [the neighbor] I couldn't do anything about it until this litigation was settled; I couldn't sell the prop-

erty." Manifestly, we cannot say as a matter of law that plaintiff waived her right to rescind.

Under the heading "Damages," defendants argue plaintiff was not entitled to damages. They misconceive the effect of the judgment. The judgment merely effects rescission of the transaction and restores plaintiff to the position she was in before she entered into the contract to purchase. The only damages awarded were $39.82 expended by plaintiff for escrow expenses, which were pleaded, testified to, and found.

As we noted at the outset, the judgment was in favor of defendant Hawkins, the realtor. Defendants say the evidence was equally strong as to Hawkins as it was against them, and therefore the judgment as to Hawkins should be reversed. Plaintiff did not appeal from the judgment in favor of Hawkins. She is the only one aggrieved by the judgment in his favor. Defendants may not complain because the court found Hawkins did not make any fraudulent representation or concealment.

Affirmed.

Shinn, P. J,. and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 5, 1953, and appellants' petition for a hearing by the Supreme Court was denied March 19, 1953. Schauer, J., was of the opinion that the petition should be granted.